## MARR *v.* WETZEL.

1. In an action brought upon a judgment rendered in another State, the jurisdiction of the court, rendering such judgment, over the person of the defendant and the subject-matter of the controversy may be questioned. But whether this shall be done by general or special plea *quære.*

2. That a defendant was not allowed to maintain two pleas setting up the same defense is not a ground for reversal.

3. A dedimus or commission issued pursuant to statute (R. S., p. 311), to take the deposition of a non-resident witness, confers full authority upon the commissioner to whom it is directed to take such deposition. *Ford* v. *Rockwell,* 2 Col. 376.

4. In the matter of names, orthography is not important if the sound is the same. The pronunciation of Lewis and Louis is the same.

5. In taking evidence upon interrogatories attached to a dedimus or commission, the rule which requires that the witness shall answer the question put, without more, should be somewhat strictly applied.

6. When it is probable, from the record, that the admission of evidence not pertinent to the issue has affected the result, the judgment will be reversed.

*Error to the Probate Court of Arapahoe County.*

ACTION of debt brought in the probate court of Arapahoe county, upon a judgment recovered in the circuit court of St. Louis county, State of Missouri, by August Wetzel against James Marr. In the court below, Marr, the plaintiff in error, moved to suppress the deposition of Louis

Swain, a non-resident witness, because it did not appear by the certificate or caption that the commissioner to whom the dedimus was directed was qualified or authorized by law to take depositions to be used in the trial of causes in the courts of Colorado. Also that it did not appear by the caption or certificate that said commissioner was authorized or qualified by the laws of Missouri, where the deposition was taken, to administer oaths or take depositions. Objection was also made to the following interrogatory propounded to said witness, on the grounds of irrelevancy and incompetency :

4th *Interrogatory :* "If in answer to the third interrogatory above, you say that you were acquainted with the defendant, James Marr, between the 19th day of May, A. D. 1868, and the 16th day of January, A. D. 1871, state whether or not you saw the said defendant during said time ? And if yea, state when and where you saw the said defendant and give the time, place and circumstances with particularity."

Objection was also made to the answer, which was as follows :

"I did see the defendant, James Marr, between the 19th day of May, 1868, and the 16th day of January, 1871, several times; the particular days when, and places where, I saw him in the city of St. Louis between the dates named in the interrogatory, I have no means of fixing now with certainty, except that in the month of November, 1868, I was acting as deputy sheriff for John McNeil, then sheriff of the county of St. Louis, and recollect that as sheriff, he had a summons to serve on James Marr, the defendant, and I was looking for him for the sheriff, and on the 25th day of November, 1868, I found him at or near the north-west corner of Pine and Fifth streets, in the city of St. Louis, where, according to the best of my recollection, service of the writ was made on him."

The grounds of objection urged being that the answer was irrelevant and incompetent, and also that all of the answer.

commencing at the word "except," to and including the words "service of the writ on him," was not responsive to the interrogatory. Objection was also made to the deposition upon the ground that the notice was given and the dedimus issued to take the deposition of Lewis Swain, while the deposition returned was that of Louis Swain.

Objection was made also to the introduction in evidence of the transcript of the record of the judgment of Wetzel against Marr, upon the ground of variance. The declaration consisted of one count, and alleged a recovery of "four hundred and seventy-nine and fifty one-hundredths *of* dollars," also that the judgment was "by reason of the nonperformance by the said defendant of certain promises and undertakings." * * * * The jugdment offered and received in evidence was for the definite sum of "four hundred and seventy-nine and $\frac{50}{100}$ dollars," and also that "the defendant is indebted to the plaintiff * * * on account of the instrument in writing on which this action is founded. It is therefore considered by the court that the plaintiff recover of the defendant aforesaid the debt aforesaid, in form aforesaid." * * *

The plaintiff contended that entire accuracy is necessary in describing a record. That if any amount was alleged in the declaration as having been recovered, it was a different amount from that disclosed by the transcript of the judgment offered in evidence. That the declaration described a judgment in assumpsit, but that the judgment offered in evidence was not a judgment in that form of action, and that if the judgment was in some form of action unknown to the common law, it should have been described according to that form, and that such description was necessary to its identity. The objections were all overruled and judgment rendered in favor of Wetzel. The other material facts in the case are sufficiently set forth in the opinion of the court.

Messrs. FRANCE & ROGERS, for plaintiff in error.

Messrs. HORNER & HARMAN, and Mr. V. A. ELLIOTT, for defendant in error.

HALLETT, C. J.   This action was founded upon the record of a judgment recovered in the State of Missouri.   The defendant pleaded *nul tiel record*, *nil debet*, and a special plea denying that the court in Missouri had jurisdiction of his person at the date of rendering the judgment.   A demurrer to the plea of *nil debet* was sustained, and it is contended that this ruling was erroneous.   Of this, however, there is some doubt, for it was held in *Mills* v. *Duryee*, 7 Cranch, 481, that this plea could not be admitted in actions of this kind.

Later cases affirm the doctrine that the jurisdiction of the court in which the judgment was rendered as to the person of the defendant and the subject-matter of the controversy, may be questioned in an action on the judgment, but whether this shall be done by general or special plea is not declared.   *Thompson* v. *Whitman*, 18 Wall. 457 ; *Knowles* v. *Gas-light & Coke Co.*, 19 id. 58.

If, however, *nil debet* is a good plea to a declaration on a judgment, the ruling of the court excluding it was not injurious to plaintiff in error.   Upon the authorities cited he could only impeach the judgment upon the want of jurisdiction in the court which pronounced it, and this defense was allowed him under the special plea.   That he was not allowed to maintain two pleas setting up the same defense is not a ground for reversal.   Authority to take the deposition of Louis Swain was conferred upon the commissioner by the dedimus or commission to him directed, pursuant to Rev. Stat. 311, and none other was necessary.   This is according to the practice which has prevailed in our courts from the organization of the Territory, and if there be any thing wrong or mischievous in it, the remedy is with the legislative assembly.

As to the name of the witness, the fact that it was spelled *Lewis*, in the commission and interrogatories, is not material.   In the matter of names, orthography is not important, if the sound is the same, and whether this name is spelled in one way or the other, the pronunciation is the same.

The fourth interrogatory in this deposition, called for

testimony upon a point which was clearly in issue, and therefore the objection that it was immaterial is untenable.

Defendant alleged that he was not in the State of Missouri at the date when the suit in which the judgment was obtained was begun, or at the date of the alleged recovery, and that service of process in that action was not had upon him.

The inquiry as to where he was at the time when the summons in the suit appeared to have been served was thus made material, and the question was not objectionable in form. In answer to the question, the witness very properly gave the circumstances which enabled him to fix the day on which he saw the defendant in St. Louis, but he was not asked to state whether he served a writ on defendant at that time, and his answer that he did so was not responsive to the question.

This objection was taken on the motion to suppress the deposition, and that portion of the answer which relates to the service of a writ on defendant should have been excluded. Although the witness did not particularly describe the writ which he served, from the language used it may be inferred that he was speaking of the writ upon which the judgment in controversy was entered, and this evidence may have had an important influence in determining the issue in the cause. In taking evidence upon interrogatories attached to the *dedimus* or commission, the rule which requires that the witness shall answer the question put, without more, should be somewhat strictly applied. In such case the party against whom the deposition is to be used has no opportunity to cross-examine, except that which is afforded by filing cross-interrogatories to be attached to the commission. In drawing them he must often be governed entirely by the direct interrogatories filed by his adversary, and if these last give no light as to the subject upon which the witness is to be examined, he will be unable to cross-examine. Of this the deposition in the record affords an illustration.

In the direct interrogatories there is nothing calling for

the witness' knowledge as to the service of the process on the defendant in the State of Missouri, and yet such evidence was elicited. As to this the defendant had no opportunity to cross-examine, and therefore he cannot be concluded by it.

In examinations at the bar of the court in the presence of counsel, whatever falls from the witness may, within limits defined by other rules, be made a subject of cross-examination, and therefore greater latitude may then be indulged in applying the rule under consideration.

At the trial the defendant testified in his own behalf that he was not served with process in the suit in the State of Missouri ; and gave some account of his residence, and the places where he had been at different times. Upon cross-examination he was asked whether he had not in the year 1871 conversed with Mr. Horner, one of the attorneys for plaintiff, concerning a note which was shown him. An objection to this was overruled, and the witness admitted the conversation, but denied that he had then said that he supposed judgment had been entered against him on the note, or any thing of that kind. Mr. Horner was then called by the plaintiff to contradict the testimony of the defendant respecting the judgment, and he stated in substance, that the defendant admitted, in the conversation with him, that suit had been brought on the note in St. Louis. This conversation occurred more than two years after the alleged service of process in the suit in Missouri, and the utmost effect that can be given to the admissions imputed to the defendant is, that at the time of the conversation he knew that suit was pending, or perhaps that judgment had been entered against him in Missouri. That this was not an admission that process had been served on him in that suit two years and more prior to the conversation, is plain enough without argument. Knowledge of the fact said to have been admitted, might have been obtained by defendant in many ways other than the service of process, and the admission did not prove, or tend to prove, the issue. It is equally plain that the cross-examination was not pertinent

to the matters drawn out in the examination-in-chief, but that of itself is not serious error.

The substantial objection to the evidence is that it was not pertinent to the issue, and that the court allowed the plaintiff to contradict it, apparently for the purpose of discrediting the witness.

We cannot know what weight was given to this testimony in determining the issue, but the fact that the court received it, notwithstanding the objection urged against it, and afterward refused to strike it out, justifies the conclusion that the court regarded it as of some value. Upon the facts disclosed in the record, it is probable that the evidence, thus improperly admitted, affected the result, and this is fatal to the judgment. It will not be necessary to advert to the effort which was made to amend the bill of exceptions, at a term subsequent to that in which judgment was given, or to the alleged variance in the declaration. The judgment was well enough described, and the objections to receiving it in evidence were properly overruled.

The judgment of the probate court is reversed with costs, and the cause remanded for new trial.

*Reversed.*