[**No. 3747.**]

## MOORE v. ALLEN.

1. CONTRACTS—HUSBAND AND WIFE—ANTENUPTIAL AGREEMENTS — STATUTE OF FRAUDS.

Antenuptial agreements conveying lands are included in that class of contracts required by the statute of frauds to be in writing and signed by the party to be charged therewith, but equity will not permit the statute to be made an instrument for the perpetration of a fraud.

2. SAME.

Where a wife was induced to enter into the marriage relation by reason of an oral promise on the part of the husband to convey to her cer-

tain premises, and possession was delivered to her and she erected thereon valuable improvements, equity will enforce the contract.

3. VENDOR AND VENDEE—INNOCENT PURCHASER—NOTICE—PLEADING.

Where a pleading attempts to avoid a conveyance of property by reason of the fact that the purchaser had notice of the pleader's equitable title, the pleading must affirmatively allege that the purchase was direct from the fraudulent grantor or from an intervening grantee also charged with notice. If the party from whom relief is sought purchased from an innocent purchaser, the title would be unaffected by notice of the equitable title of the pleader and of the fraud of the original grantor.

4. IDEM SONANS—POWER OF ATTORNEY.

The name "Waldimar" is not *idem sonans* with "Waltimore," and where a power of attorney was executed to "Waltimore Arens," a deed under the power signed by "Waldimar Arens" was not admissible in evidence without a showing by other evidence that "Waltimore" and "Waldimar" was in fact one and the same person.

*Error to the County Court of Lake County.*

ACTION in ejectment, by defendant in error, as plaintiff below, against defendant, who is plaintiff in error here, to recover possession of certain real estate, situate in the city of Leadville. For answer, defendant pleaded:

*First.* A general denial.

*Second.* By way of cross-complaint, alleges a parol ante-nuptial agreement between herself and husband, who, at the time it was made, was the owner of the property in dispute, whereby he agreed to convey the same to her after their marriage; that she would not have entered into the marriage relation, except for such agreement; and avers that in pursuance thereof, and prior to her marriage with him, she was given possession of these premises, and has made lasting and valuable improvements thereon, but that her husband has neglected and refused to convey the property to her; and that plaintiff, before she purchased, was notified of her rights and claims therein. She also pleads particular acts, upon which she relies to establish such possession, and the erection of such improvements. A motion to strike this portion of the cross-complaint, which embraced a statement of these acts, was interposed and sustained. To the cross-complaint,

as it then stood, a general demurrer was filed by plaintiff, which was, likewise, sustained, and defendant electing to stand by her cross-complaint, a trial was had upon the issues made by the complaint and general denial. The plaintiff introduced in evidence a power of attorney, in which one Waltimore Arens was designated as the attorney in fact by the parties executing it, and also a deed from those parties, which purported to be executed by them, per one Waldimar Arens, their attorney in fact. Each of these instruments affected the title to the property in controversy. There was no evidence attempting to show that Waltimore and Waldimar referred to the same person. This deed was necessary in order to establish any title in the plaintiff, for, without it, there was a break in the chain. The judgment was in favor of plaintiff, to which the defendant prosecutes a writ of error to this court, and assigns as errors, (1) sustaining the motion to strike; (2) sustaining the demurrer to the cross-complaint; and (3) admitting the power of attorney, and deed in evidence.

Mr. A. J. STERLING, for plaintiff in error.

Messrs. NASH & BOUCK, and Mr. N. ROLLINS, for defendant in error.

MR. JUSTICE GABBERT, delivered the opinion of the court.

The errors assigned will be considered in the order above named. The ultimate facts with reference to the delivery of possession of the premises to the plaintiff in error, and the erection of improvements thereon by her, were alleged, and the particular acts which she sets out regarding such possession and improvements would be competent evidence to introduce, for the purpose of establishing such facts; but they do not belong in the cross-complaint. In pleadings, issues of fact are made on the material, ultimate facts, properly pleaded, and not on the evidence which it is proper to introduce and

consider in determining in whose favor such issues are established.

By the demurrer to the cross-complaint two questions are presented :

*First.* Do the facts pleaded with reference to the antenuptial agreement entitle plaintiff in error to the premises?

*Second.* If so, does it appear that defendant in error had notice of such rights?

Agreements of the kind under consideration are included in those which, by the statute of frauds, must be in writing, and signed by the party to be charged therewith, otherwise, they are declared void (Mills' Ann. Stats. sec. 2025) : but equity will not permit this statute to be made an instrument for the perpetration of that which it was designed to prevent. According to the averments of her cross-complaint, plaintiff in error would not have entered into the marriage contract, except for the promises on the part of the one with whom she so contracted, to convey to her these premises. He has failed to carry out his agreement, but by his promise, upon which she relied, she has been induced to enter into a relation from which she cannot recede, and which she is powerless to change. The result of his deception and artifice is such a fraud upon plaintiff in error, and has placed her in such situation, that the promise to convey is taken out of the statute ; or, perhaps, more accurately speaking, equity will not permit it to shield such a fraud. *Green v. Green,* 34 Kan. 740; *Peck v. Peck,* 19 Pac. Rep. (Cal.) 227; *Petty v. Petty,* 4 B. Monroe, 215; *Glass v. Hulbert,* 102 Mass. 24. This conclusion, however, only affects the immediate parties to the contract, and the question still remains, can it, on the facts stated, be successfully asserted against the defendant in error, which is the second proposition raised by the demurrer. It is charged that she purchased the property with notice of the rights of plaintiff in error, but from whom? Was she an immediate grantee of the husband, or did she take title from him or his grantee, with notice of these rights? The cross-complaint is silent on this subject. If she took title from a

grantee, who was an innocent purchaser, then, even though she subsequently acquired title from him, with notice of the rights and claims of plaintiff in error, her title would be unaffected by such notice. Devlin on Deeds, § 747. The sufficiency of the cross-complaint having been challenged, it must appear, either. expressly or by implication, that the facts necessary to entitle the plaintiff in error to relief, are stated. They must state a cause of action, without any contingency attached. This rule has not been complied with; notice is charged, but whether it would affect the rights of defendant in error does not appear; for whether it would or not, depends upon who was the grantor of defendant in error, and whether or not he was an innocent purchaser; but when a pleading is challenged by a general demurrer, which is sustained, and the party whose pleading is thus assailed, elects to stand thereby, its sufficiency must be determined from its own averments, without being in any manner qualified, reinforced, or affected by any other considerations or conditions whatever; so that, although the facts stated take the parol agreement out of the statute of frauds, it does not appear from the averments of the cross-complaint as it now stands, that it can be enforced as against the defendant in error. Both the motion to strike and the demurrer were properly sustained.

The general denial put in issue every material allegation of the complaint. The only ground upon which plaintiff relied to establish her right to the premises, was, that she held the fee title, and unless the deed purporting to be executed by the grantors therein named, per Waldimar Arens, their attorney in fact, was properly admitted, she has failed in this respect. There was no attempt to show that Waltimore and Waldimar Arens were, in fact, one and the same person, and the deed must have been admitted solely upon the ground that it was *prima facie* the act of the grantors, by virtue of the power of attorney. It is urged that this was warranted on account of the similarity of the names, Waltimore and Waldimar, and that the doctrine of *idem sonans* applies. In

the matter of names, orthography is not important, if the sound is the same (*Marr v. Wetzel*, 3 Colo. 2) ; and it is sufficient in law to spell a name as it is regularly or commonly pronounced (16 Ency. Law, 126), but here the difference in the two names is so marked, that the attentive ear would find no difficulty in distinguishing between them, and the difference in spelling is such, that necessarily the pronunciation is equally distinct, the proper rule to observe in applying the doctrine of *idem sonans* being " that if two names, according to the ordinary rules of pronouncing the English language, may be sounded alike, without doing violence to the letters found in the variant orthography, then the variance is, *prima facie*, at least, immaterial, and may be so decided by the court." 16 Ency. Law, 122 ; *Rooks v. State*, 83 Ala. 79. Applying this rule, it is at once apparent from an inspection of the orthography of the two names, that, in the absence of information other than thus obtained, the variance is fatal. Further objections to the introduction of the power of attorney and deed are urged by counsel for plaintiff in error, but, without noticing them in detail, it is sufficient to state that they are not tenable.

It is claimed by counsel for defendant in error, that inasmuch as each of the parties claim title from a common source, namely, from the husband of plaintiff in error, the latter is estopped from objecting to the deed in question. They do not so claim, for with the cross-complaint eliminated, the only issues between the parties were those made by the complaint and general denial.

For error in admitting the deed, the judgment is reversed, and the cause remanded for a new trial, and such preliminary or other proceedings as may be proper.

*Reversed and remanded.*