## ALLEN v. MOORE.

**1. Conveyances—Notice—Innocent Purchaser.**

One who purchased property from a husband who had separated from his wife knowing that the wife was in possession of and occupied the premises claiming to own the same, was not an innocent purchaser.

**2. Husband and Wife—Antenuptial Contract—Oral Promise to Convey Real Estate—Specific Performance.**

Where a wife was induced to enter into the marriage relation by an oral promise on the part of the husband to convey to her certain real estate, a refusal by him to keep his promise is such a fraud upon her as will take the promise out of the statute of frauds, and equity will enforce specific performance of the agreement as against him, or his vendee with notice of the wife's claim.

*Appeal from the District Court of Lake County.*

Mr. FRANCIS E. BOUCK, for appellant.

Mr. A. J. STERLING, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Appellant, as plaintiff, brought an action in ejectment against appellee, as defendant, to recover possession of real estate, basing her action upon ownership and right of possession. The case has once before been submitted for our determination, and is reported in 26 Colo., 197. In accordance with the views there expressed, the defendant filed an amended cross-complaint, wherein she alleged, in substance, that she was induced to enter into a contract of marriage by an oral promise on the part of the man she married to convey the premises in controversy to her, which promise he failed to perform; that she would not have entered into the marriage relation except for this agreement, and that plaintiff and her grantor, who claimed to have purchased the premises from her

husband, each knew, before making their respective purchases, that she, the plaintiff, was the owner of such premises. A replication was filed, putting in issue these statements. The cross-complaint also alleged that, in pursuance of her antenuptial agreement, she entered into possession of the premises, and had made lasting and valuable improvements thereon, although we do not regard this averment as material to a determination of the case as now presented. The result of a trial to the court was a judgment for the defendant. Plaintiff brings the case here for review on appeal, and contends that the testimony failed to show legal notice to the plaintiff, and her grantor, of defendant's alleged rights in the premises; and that defendant utterly failed to make out a case for specific performance.

On the subject of notice there is testimony to the effect that prior to his purchase, the grantor of plaintiff was advised that defendant claimed the property; that prior to her purchase the plaintiff was notified by the defendant that she owned the premises. The conversation between the parties on this subjct is said to have taken place on the premises, and the plaintiff admits she went there for the purpose of ascertaining whether or not the defendant claimed them. The testimony further shows that the defendant and her husband separated more than a year before either plaintiff or her grantor purchased; that the defendant continued to occupy the premises after the separation; that she made some improvements on the premises; that the parties all lived in the same town, and that plaintiff and her grantor knew that defendant was occupying these premises.

From this testimony it appears that plaintiff and her grantor not only were told of the claim which defendant asserted to the premises, but, in addition, knew that she was in the open and exclusive posses-

sion of the property. This was sufficient to put them upon an inquiry regarding her rights, which, if prosecuted, would have acquainted them with her claim. Whatever is sufficient to put a purchaser upon inquiry is generally regarded as good notice of the fact which an inquiry prosecuted with reasonable diligence would have disclosed. *Yates v. Hurd,* 8 Colo., 343; *Filmore v. Reithman,* 6 Colo., 120.

The testimony fully supports the finding of the trial judge, that the grantor of the plaintiff was not an innocent purchaser, and that she, before her purchase, had notice of the defendant's rights.

The only argument made in support of the proposition that the defendant did not make a case which entitled her to a specific performance, or, in other words, a conveyance from her husband, is based entirely upon the proposition that the testimony fails to establish such a part-performance of the contract upon her part in the way of taking possession of the premises, and erecting improvements thereon, as to entitle her to such relief. This is not a material question, in view of the fact that counsel does not challenge the finding the court necessarily made under the issues, that defendant would not have entered into the marriage contract with her husband except for his promise to convey her the premises in dispute. Her right to these premises under this antenuptial agreement, does not depend upon the question of part-performance, but is based upon the ground that she was induced to enter into a marriage contract on the faith of an oral promise made by the man she married to convey her the premises in dispute, and that his failure to keep his promise in such circumstances is such a fraud upon her as will take the promise to convey out of the statute of frauds, and as between them equity will enforce the contract. This question is discussed in the opinion rendered in the former de-

cision of this case, and we do not deem it necessary to re-discuss it further than to say that equity will make a case an exception to the statute of frauds in which it appears that one of the contracting parties has been induced to alter his situation on the faith of an oral agreement within the statute, to such an extent that it would be a fraud on the part of the other party to set up its invalidity upon the ground that the contract should have been in writing.

It is suggested by counsel for plaintiff that a distinction is drawn between cases where the promise was to convey before marriage and the promise was induced by means of excuses to have the ceremony performed before the conveyance was executed, and those where the promise was to convey after marriage. We do not think the distinction exists. In either case, if the promise to convey is established, and the party to whom the promise was made was induced to enter into the marriage contract on the faith of the promise and the assurance that it would be carried out, such fraud and artifice have been practiced as will warrant relief in equity.

The judgment of the district court is affirmed.

*Affirmed.*