ARNE R. BAILEY, Appellant, v. WILLIAM R. BUTNER, Et Al., Respondents.

No. 3464

January 16, 1947.                     176 P. 2d 226.

*Virgil H. Wedge,* of Reno, for Appellant.

*Donnell Richards,* of Reno, for Respondents William R. Butner and Saphronia T. Butner.

*Kendrick Johnson* and *Wilson & Skinner,* all of Reno, for Respondent J. T. Rutherford.

## OPINION

By the Court, HORSEY, J.:

This action was brought by the appellant, Arne R. Bailey, for the specific performance of an oral agreement

for the sale to appellant of certain land described in the complaint, it being alleged that said agreement was made between the said appellant, as the vendee, and William R. Butner and Saphronia T. Butner, his wife, as vendors, through Elmo M. Butner, as agent, on August 27, 1941. The said William R. Butner, Saphronia T. Butner, Elmo M. Butner, and the respondent J. T. Rutherford were made parties defendant in said action.

The basis for making the said J. T. Rutherford a party defendant is disclosed in paragraph X of the complaint, which is as follows:

"X. That the plaintiff is informed and believes, and therefore alleges on said information and belief, that the defendants William R. Butner and Saphronia T. Butner, his wife, did, on or about the 31st day of August, 1945, agree in writing to sell part of said property above-described to one R. D. Hopkins, who entered into said agreement with full knowledge of plaintiff's rights in the above-mentioned land; and that the defendants William R. Butner and Saphronia T. Butner, his wife, did, on or about the 15th day of January, 1946, agree in writing to sell part of said property above described to one J. T. Rutherford, who entered into said agreement with full knowledge of plaintiff's rights in the above-mentioned land; and did thereupon and thereby abandon the contract above referred to, without just cause or reason and without legal justification; and further, that R. D. Hopkins and Virginia Hopkins, his wife, did, on or about January 30, 1946, agree in writing to sell the part of the above-described property previously obtained by deed from William R. Butner and Saphronia T. Butner, his wife, to J. T. Rutherford, who entered into said agreement with full knowledge of plaintiff's rights in the above-described property."

The respondent, J. T. Rutherford, interposed a demurrer, which was, in form, both general and special, to the complaint, said demurrer being as follows:

"Demurrer

"Comes now the Defendant, J. T. Rutherford, by and through his attorney, Kendrick Johnson, Esquire, and demurs to the Complaint on file in the above-entitled action, as follows:

"I. That the Court has no jurisdiction of the person of the Defendant, J. T. Rutherford, or the subject of the action as the action is barred as to said Defendant by the Statute of Frauds: 'Every contract for the sale of any lands or interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party to be charged.'

"II. That Plaintiff has not legal capacity to sue.

"III. That there is a defect and misjoinder of parties, Plaintiff and Defendant.

"IV. That the Complaint does not state facts sufficient to constitute a cause of action.

"V. That the Complaint is ambiguous unintelligible and uncertain.

"Wherefore, Defendant, J. T. Rutherford, prays this Court that he be discharged and dismissed hereon and herein."

While the general demurrer is, of course, directed to the entire complaint, it is particularly directed (as is stated by the respondent, Rutherford, in paragraph V of said respondent's brief) to the above-quoted paragraph X of the complaint.

The lower court sustained said demurrer of the respondent (defendant), Rutherford, with leave to appellant (plaintiff) to amend his complaint within fifteen days. The plaintiff elected to stand upon the sufficiency of his complaint, and declined to amend. The lower court thereupon rendered and entered judgment in favor of the respondent (defendant), J. T. Rutherford, and against the appellant (plaintiff), to the effect that plaintiff take nothing by his action, and that said defendant have and recover his costs.

It is from the said judgment, and the whole thereof, that the plaintiff (appellant) has appealed to this court.

The respondent, Rutherford, in paragraph IV, on page 2, of his brief, under the caption, "The Question Involved," has stated the following: "The question here presented is whether an allegation, on information and belief, that a subsequent purchaser from the same vendor took with 'full knowledge' of the rights of a prior purchaser, under an executory contract for the sale of real estate, is good as against a general demurrer."

The said respondent has correctly stated the question here presented and to be determined upon this appeal, provided the allegations objected to in said paragraph X, which, in two of the three instances in which they occur (those referring, respectively, to R. D. Hopkins and J. T. Rutherford), are in the following form and language: "who entered into said agreement with full knowledge of plaintiff's rights in the above-mentioned land," and in the other instance (referring to J. T. Rutherford alone) are, "who entered into said agreement with full knowledge of plaintiff's rights in the above-described property," are allegations essential to plaintiff's cause of action. If not essential thereto, a demurrer will not lie to the complaint because of them.

In other words, in a suit by an equitable vendee claiming a prior equity by virtue of an agreement made with his vendor, who later entered into respective agreements with other purchasers for the sale of portions of the same land, and who may or may not be subsequent purchasers in good faith, that is, for a valuable consideration and without notice, does it devolve upon the equitable vendee, in suing for specific performance, to allege that the subsequent purchasers were purchasers with notice, or, in effect, were not bona fide purchasers, or, is the burden of pleading upon such subsequent purchasers, or those claiming through them, to allege, by plea or answer (in the code states by answer), the fact that they purchased without notice, as a necessary allegation of their defense?

■ The authorities are practically unanimous in holding that, in a suit by one asserting a prior equity, unless exceptional circumstances exist, the duty devolves upon the defendant, who seeks to establish a superior equity upon the basis that he is a bona fide purchaser, to both allege and prove all of the essential elements constituting him such bona fide purchaser, that is to say, a purchaser for a valuable consideration without notice of the prior agreement and the equity resulting therefrom.

The general rule is clearly stated in 55 Am.Jur., sec. 768, on p. 1124, as follows: "Sec. 768. Generally— Although there are cases in which the cause of action of an owner of an equitable interest in land who brings an action against the purchaser of the legal title has been regarded as so dependent upon circumstances which would preclude the defendant from protection as a bona fide purchaser that the plaintiff was required to allege such circumstances, it is ordinarily held unnecessary for the complainant to allege in his bill that the purchaser is not a bona fide purchaser; the right to protection as a bona fide purchaser is ordinarily regarded as an affirmative defense, and it is held that a defendant who would avail himself of such defense must put it in issue by his pleadings. It can be set up by way of answer, against a plaintiff asserting a prior equitable claim, as well as by a plea in bar. * * *"

And in section 770, on page 1125, it is stated: "Sec. 770. Notice—Under the rule that the right to protection as a bona fide purchaser is an affirmative defense, so that a defendant who would avail himself of such defense must put it in issue by his pleadings, a defendant claiming protection as a bona fide purchaser *must allege that his purchase was without notice of the outstanding interest, even though notice is not charged in the bill; it is not necessary for the complainant to allege notice on the part of the defendant.* * * *" (Italics ours.)

Many cases are cited on pages 1124 and 1125, in the footnotes, in support of the text, including: Boone v. Chiles, 10 Pet. 177, 9 L.Ed. 388; Independent Coal &

Coke Co. v. United States, 274 U.S. 640, 47 S.Ct. 714, 71 L.Ed. 1270.

Boone v. Chiles is approved and quoted from in the much later case of Wright-Blodgett Co. v. United States, 236 U.S. 397, 35 S.Ct. 339, 59 L.Ed. 637, in the opinion by Mr. Justice (later Chief Justice) Hughes.

At least three of the four cases cited in footnote 17 to section 768, on page 1124 of 55 Am.Jur., supra, under the qualification of the general rule because of exceptional circumstances, to the extent of requiring the plaintiff to allege that the defendant took with notice, do not apply to the instant case. In the two Alabama cases and the Tennessee case the facts are entirely dissimilar. In the Colorado case of Moore v. Allen, 26 Colo. 197, 57 P. 698, 77 Am.St.Rep. 255, the court held, in effect, that the plaintiff, A, alleging a prior equity in land which had been sold, first to A, and later by A's vendor, had been sold and conveyed to B, and still later sold and conveyed by B to C, must plead in his complaint against C that B took with notice, for the reason that C might not claim to be a bona fide purchaser himself, but might assert his right to the land because of his conveyance from B, who might be shown to be a bona fide purchaser. This is similar to the instant case, in this respect:

■ As to part of the land involved in the instant case, respondent, Rutherford, is not the immediate purchaser from the Butners, but purchased from Hopkins, and, of course, if Hopkins (in a position similar to B in Moore v. Allen, supra) was a bona fide purchaser, respondent, Rutherford, standing in his shoes, could recover the portion of the land purchased from him, even though Rutherford had notice, at the time of his purchase from Hopkins, of the prior equity of Bailey, provided Rutherford was guilty of no fraudulent participation or inducement in connection with the purchase by Hopkins.

■ Rutherford, however, according to the principle laid down in Independent Coal & Coke Co. v. United States, supra, could not establish superiority of his equity as against Bailey upon the fact, alone, of Hopkins

being a bona fide purchaser, but would be required to show, either that he did not know of the Bailey equity *at the time of the Hopkins purchase, or that, if he then knew of it, that he did not induce Hopkins to buy, or, in any manner participate, fraudulently, to induce or encourage the transaction between Bailey and Hopkins.*

If Rutherford did encourage or induce Hopkins to purchase, notwithstanding his (Rutherford's) knowledge of Bailey's prior equity, he would, of course, be guilty of fraud, even though Hopkins would not if he purchased without notice.

This qualifying circumstance, as affecting the fact of whether or not one with notice of the prior equity could establish a superior equity because of purchasing from a bona fide purchaser without notice, would be peculiarly within the knowledge of the person claiming superiority because of the innocent purchase of his immediate vendor. This circumstance should have been taken into consideration by the court in Moore v. Allen, supra, but, apparently, it was not. The doctrine in that case, requiring, in effect, A, the first purchaser and claimant of the prior equity, to allege that B took with notice, and, in fact, was not a bona fide purchaser, apparently has not been considered sound doctrine, as said case appears not to have been followed by any other case on that point, so far as we have been able to find. C, claiming a superior equity, by way of defense against A, on the basis of B being a bona fide purchaser, should have been required to allege that B was such bona fide purchaser, and that he, C, knowing of the prior equity, did not induce B to purchase, or in any manner participate fraudulently in the transaction between A's vendor and B.

In the hypothetical illustration employed by the court in Moore v. Allen, supra, the facts and circumstances showing notice to B, or disclosing whether or not C, knowing of A's equity, and purchasing from B, an innocent purchaser, took any steps to induce B to purchase, would, most likely, not be known to A, and to require

A to allege facts showing that B took with notice, or if B took without notice that C fraudulently induced B to purchase, would be placing an unjust and inequitable burden on A, which, in many instances, one in his position would not be able to meet.

In the case of Rorer Iron Co. v. Trout, 83 Va. 397, 2 S.E. 713, 5 Am.St.Rep. 285 (which is a leading case frequently cited in relation to problems involving conflicting equities), after quoting from Boone v. Chiles, supra, the court, on page 301 of 5 Am.St.Rep., expressed itself as follows: "But nowhere does the company's *answer* set up the *defense* of 'purchaser for value without notice,' whether by reason of itself being such purchaser, *or by reason of its being the grantee of such purchaser*. And yet it is insisted for the appellant, and was held by the circuit court, that the said company could avail itself of such defense, although it had not set it up." (Italics ours.)

The above language by the Virginia court is precisely opposite to the theory in the Colorado case of Moore v. Allen, supra.

■  It is most unlikely that the respondent, Rutherford, will at any time rest his claim of holding a superior equity upon the lone basis that, as to the land he purchased from Hopkins, the latter was an innocent purchaser, and admit that he, Rutherford, was not an innocent purchaser. But if he should do so, and the facts in the instant case thus develop a further similarity to those in Moore v. Allen, supra, upon which were predicated the doctrine set forth in that case, we could not, in any event, approve such doctrine, which we believe to be without support, either in principle or authority. It must be ever kept in mind, in considering this question of the burden of pleading and proof, that the first purchaser, holding a prior equity, is not only first in time, but equal in good faith and innocence to the subsequent bona fide purchaser, and is in fault only for being, in a sense, negligent, in failing to have his

agreement in writing and recorded. In order to overcome the first purchaser's position of superiority, it is absolutely essential that the subsequent purchaser be a purchaser without notice of the prior transaction, or that he take from one which is such a bona fide purchaser. Only the pleading and proof of facts placing him in one or the other of those positions, can place him in the superior position of such a bona fide purchaser. Even if we assume, for the moment, that the burden of pleading and proof were on the first purchaser (as Moore v. Allen, supra, would require), and he succeeded in establishing that the defendant (who was the third purchaser) took with notice, but failed to be able to establish that the defendant's immediate grantor (who was the second purchaser) took with notice, this should not justify any presumption that the second purchaser, who is such immediate grantor of defendant, actually purchased without notice. It is a serious matter to take away a prior equity, unless a superior equity is clearly established, and the overwhelming weight of authority places the burden of pleading and proof upon the subsequent purchaser who seeks to displace the prior purchaser. In such case, the claim of one asserting he was a bona fide purchaser, or stands in the shoes of such a purchaser, as against a prior equity, is purely a matter of affirmative defense, and unless the subsequent purchaser asserting it should, by sufficient pleading and proof, be able to achieve the position of superiority in equity, by establishing clearly that he purchased without notice, or that his immediate vendor so purchased, he should be deemed to have failed to show a right to displace the prior equity.

We will now present and consider a few of the many authorities supporting the principle of pleading that the element of notice or lack of notice, as entering into the question of the good faith of the subsequent purchaser, in an action by the claimant of a prior equity, is strictly a matter of affirmative defense to be set up in

the answer, and that such defense cannot be made available by demurrer to the complaint.

In Pomeroy's Equity Jurisprudence, vol. 3, sec. 784, pages 119, 120, it is stated: "Sec. 784. By Demurrer, Plea or Answer—I shall conclude the discussion of this subject with a very brief consideration of the manner in which the bona fide purchaser may avail himself of the defense, the pleadings by which it may be set up, and the necessary contents of those pleadings. Under the system of procedure and pleading peculiar to a court of chancery, and in whatever tribunal that system is still preserved, the defense may be raised in three different manners. If the fact that the defendant is a bona fide purchaser for value without notice is clearly shown by the bill of complaint, the defendant may resort to a demurrer. The usual mode of presenting the defense is by a plea; and if it contains the requisite averments, and they are established by evidence, the suit will be dismissed without the necessity of an answer on the merits. Instead of resorting to a 'plea,' the defendant may set out the facts constituting this defense in his answer. If he neglects to put in a plea, and fails to insert the defense in his answer, he cannot raise it or avail himself of it in any subsequent stage of the suit. Wherever the reformed system of procedure prevails, and all remedies, equitable as well as legal, are obtained through the single 'civil action,' the defense must, of course, be taken advantage of, either by demurrer or by answer. Unless the facts appear on the face of the complaint so as to permit a demurrer, there can be no doubt that in the new system as well as in the old the defense must be pleaded, in order to be available."

We refer, particularly, to footnote 7, on said page 120, in which it is stated: "The defense seems plainly to be 'new matter' within the meaning of the codes, and therefore to be specially pleaded, not being admissible under an answer or denials general or special. Alcorn v. Buschke, 133 Cal. 655, 66 P. 15 (holding that the question whether defendant is a bona fide purchaser may

not be raised upon demurrer to the complaint if it does not show that the defendant *is* such purchaser)." (Italics ours.)

Among others, the following cases are cited in support of the above statement of the text: County Bank v. Fox, 119 Cal. 61, 64, 51 P. 11; Wilhoit v. Lyons, 98 Cal. 409, 413, 33 P. 325; President and Presiding Elder of So. California Conference of Seventh Day Adventists v. Goodwin, 119 Cal. App. 37, 5 P.2d 973; Ocean Shore R. Co. v. Spring Valley Water Co., 87 Cal.App. 188, 263 P. 53.

Other authorities dealing with this question of pleading, and supporting the proposition that demurrer will not lie except when it is apparent from the complaint that the defendant is a bona fide purchaser, are: 66 C.J. Sec. 1061 (2), p. 1195, and cases cited in footnotes 30 and 31; 25 Cal.Jur., sec. 290, pp. 844, 845, and cases cited in footnotes 7 and 8; Bancroft's Code Pleading, vol. 5, sec. 2427, p. 4442.

Respondent, Rutherford, on pages 4 and 5 of his brief, after quoting from appellant's opening brief, page 1, lines 3 to 12, argues as follows:

"Further, the entire argument of the appellant in his opening brief is grounded on the proposition that this respondent is a purchaser *with notice*.

"Appellant must therefore assume that his pleading sets forth a superior equity in this respondent, or that this respondent, except for the fact of notice, would stand in the position of a bona fide purchaser.

"If the appellant places such a construction upon his pleading, which it is submitted he does, in his opening brief, what other interpretation can this respondent place upon an allegation that is predicated upon information and belief; that is redundant with recitals; that is argumentative; that is inferential, and that is ambiguous. * * *

"If this respondent would have the superior equity or be a bona fide purchaser, except for the fact of notice, it is necessary for the appellant to plead such notice

as an affirmative allegation upon which this respondent's duty arises and the appellant's right accrues." (Italics ours.)

We do not find that the appellant, by such statements stressing the element of notice, has conceded that the respondent, Rutherford, has any superior equity except for the fact of notice. Appellant has not stated, or admitted, that the said respondent's respective vendors, Hopkins or the Butners, were, respectively, seised or possessed of the land at the time, or times, of respondent, Rutherford's, respective agreements, nor that the respective purchase prices were paid, nor that the considerations were valuable, nor that the said respondent has received any conveyance or conveyances of the land. The appellant merely stated, in effect, that J. T. Rutherford purchased from the Butners and the Hopkinses, respectively (the latter having previously purchased from the Butners, with full knowledge of plaintiff's rights), with full knowledge of plaintiff's contract with the Butners. And on page 2, lines 15–17, inclusive, of his opening brief, the appellant stated: "* * * the defendant J. T. Rutherford *acquired* the property in question with full knowledge of the previous contract and of plaintiff's equities in the land." (Italics ours.)

This is, in no sense, a statement as to the degree of the acquisition, whether same was more than a mere agreement or not. It certainly is not a statement conceding the existence of all the numerous facts of performance necessary to constitute the respondent, Rutherford, a bona fide purchaser, except for the fact of notice.

This court has heretofore clearly held, in the case of Moore v. De Bernardi, 47 Nev. 46, at page 55, 220 P. 544, 547, that: "To entitle a party to the character of a bona fide purchaser, without notice, he must have acquired the legal title, and have actually paid the purchase money before receiving notice of the equity of another party. Moresi v. Swift, 15 Nev. 215."

Regardless of what the actual facts may be, there is not alleged in the complaint of the plaintiff (appellant),

nor stated in his brief, facts sufficient to show that, except for the fact of notice the defendant is a bona fide purchaser. Therefore, it cannot be deemed that the appellant has conceded the existence of such facts, nor that there has been any shifting from the defendant (respondent) to the plaintiff (appellant) of the burden of pleading as to the element of notice, or want of notice. Such burden to plead that he purchased without notice remains upon the respondent, Rutherford. The fact of notice or lack of notice is a fact peculiarly within the knowledge of the subsequent purchaser, it being his own notice or knowledge that is in question, or that of his immediate vendor. And to place the burden upon the plaintiff (appellant) to plead and prove the notice or knowledge of another, with whom he is in no contractual privity, nor in any manner associated, would frequently prove an insurmountable burden, and lead to unjust, inequitable and unconscionable results.

Insofar as defendant's (respondent's) demurrer was directed to the allegations in said paragraph X of the complaint, and, particularly, to the allegation therein alleging that the defendant (respondent) Rutherford and his vendor, Hopkins, entered into the several and respective agreements with notice of the rights of the plaintiff in the land, such demurrer was ineffective. Even assuming the demurrer was in perfect form and valid in substance, it could not be effective, for the reason that it was directed against an allegation, or allegations, of fact not part of plaintiff's cause of action, and, therefore, allegations which plaintiff was not required to allege or plead. The effort of the plaintiff (appellant) to plead, in said paragraph X, that the said respective vendees, Hopkins and Rutherford, took with notice, was merely an effort to anticipate the probable defense that said vendees took without notice, and, in effect, to negative the same. It was merely surplusage, and certainly did not operate to shift the burden of pleading or proof of that defensive element to the plaintiff, so that his manner of pleading it could be assailed. The defendant

(respondent) was not adversely affected by such voluntary, anticipatory pleading. He could deny it, but his failure to do so would not result in default against him. If he had denied it, such denial would not, in the slightest, relieve him of pleading, affirmatively, in his answer, all the facts essential to constitute defendant (respondent), Rutherford, a bona fide purchaser, if such was his defense.

This principal is well stated in Bancroft's Code Pleading, vol. 1, sec. 168, pp. 287–289, as follows:

## "Anticipating Defenses.

"SEC. 168. In General — Since the only allegations essential to a complaint are those required in stating the cause of action, it is not necessary in a complaint to anticipate or negative any defense. Any allegations inserted for the purpose of intercepting and cutting off a defense are superfluous and immaterial; they do not require an answer, and may render a pleading demurrable for ambiguity or uncertainty or subject it to a motion to strike out, but a complaint is not merely on this account bad as against a general demurrer. The only object to be gained by a plaintiff in anticipating a defense and replying to it in advance is to put the adverse party upon his oath without making him a witness, and the effect of allowing this would be to establish a system of discovery in conflict with the spirit of the code or statute.

"Rule applied—Under the general rule just stated, although there is some authority to the contrary, it is a general rule that a plaintiff need not allege freedom from contributory negligence in his complaint; nor is it necessary for him to show affirmatively that the action is not barred, that he performed conditions subsequent, or that he was unable to reduce the damages. A complaint to rescind an unauthorized contract in writing for the sale of land is not bound to anticipate a possible defense that an oral contract was partly performed by

taking possession, in connection with payments on purchase money, and need not negative the fact of such possession. So too a plaintiff cannot by alleging in his complaint that no payment has been made anticipate a plea of payment, and so avoid the necessity of replying to it." See, also, Bell v. Pleasant, 145 Cal. 410, 78 P. 957, especially page 959, 104 Am.St.Rep. 61.

We are of the opinion, and hold, that the general demurrer, same being directed to paragraph X of plaintiff's complaint, and particularly to the allegations whereby the plaintiff attempted to plead that the defendant, Rutherford, and said defendant's vendor, Hopkins (as to part of the land), entered into the said respective agreements " 'with full knowledge' of plaintiff's rights in the above-mentioned land," was futile and did not lie, said allegation being no constituent or necessary part of plaintiff's cause of action. It follows that the said general demurrer should have been overruled.

The defendant, Rutherford, on the ground of lack of jurisdiction of the person of the said defendant, or the subject of the action, has demurred specially to the complaint, claiming, in effect, that the action is barred, or the cause of action is unenforceable against the said defendant, because there is no contractual relationship between the plaintiff and the said defendant, Rutherford, as to said land, and there being no written contract or note/or memorandum in writing evidencing any such contract between the plaintiff and the said defendant, Rutherford. The said defendant (respondent here) has stated, in paragraph VII of his brief: "That the Statute of Frauds as delineated in Section 1529, N.C.L. 1929, as amended, is operative as to the defendant, J. T. Rutherford, in that there is no note or memorandum in writing between Plaintiff and Appellant and Defendant, J. T. Rutherford, and there is no part performance of any kind or nature between these parties. That J. T. Rutherford is not a party in interest in any manner, actually or constructively, with Plaintiff and Appellant.

That, if later evidence adduced should show that defendants, William R. Butner, Saphronia T. Butner and Elmo M. Butner had a contractual relationship, either actual or constructive, with Defendant, J. T. Rutherford, said relationship, if existing, would not and could not operate in any manner to be considered as a contractual relationship between plaintiff and appellant and J. T. Rutherford, and, therefore, the Statute of Frauds operates as a bar between the plaintiff and appellant and defendant, J. T. Rutherford."

It clearly appears that the said respondent, Rutherford, was not made a party defendant, nor was any attempt made to charge him with the duty to carry out the prior equity of appellant, upon the basis of any privity of contract or of any contractual relationship existing between *them*, but entirely upon the basis of privity of estate existing between the appellant and the said respondent.

As to the portion of the land purchased by the respondent, Rutherford, from the Butners, the appellant and said respondent take from common vendors; and as to the portion of the land purchased from Hopkins, the respondent, Rutherford, took from an intermediate vendee of their common vendors. There is, clearly, no privity of contract between the appellant and the said respondent, Rutherford, it is true, but said respondent, by agreement with the Butners, in the one instance, and by agreement with Hopkins, the Butners' vendee, in the other instance, has taken land which, by virtue of the prior contract, and its effect, between the appellant and the Butners, appears to be charged with a prior equity.

The law as to such a situation is stated in 49 Am.Jur., sec. 148, p. 171, and in 58 C.J. sec. (86) 2, p. 921 (the latter being cited by appellant). Said section 148 of 49 Am.Jur. is as follows: "It is well settled that one who takes a deed of land with knowledge of an outstanding contract or title takes it subject to such contract or title, and the person who purchases property with notice of a prior agreement by the vendor to convey to another

person is regarded as the trustee of the latter. There-fore, one purchasing property with notice that the grantor has contracted to convey it to another may be compelled to perform the contract in the same manner and to the same extent as his grantor would have been liable to do had he not transferred the legal title. * * *" See cases cited in footnotes 11 and 12, including Moore v. Crawford, 130 U.S. 122, 9 S.Ct. 447, 32 L.Ed. 878.

The proper substantive defense of a subsequent purchaser against a prior equity such as that claimed by appellant is affirmatively to allege and prove the facts essential to clothing him with the status of a bona fide purchaser; that is to say, facts disclosing, among other things, that he is a subsequent purchaser of the same land, *for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry.*

As to the facts alleged in the complaint purport-ing to show part performance of the Bailey contract, if such facts are satisfactorily proven, and if they are, in equity, held sufficient to put the subsequent purchaser on notice, or he has actual notice of them, the plaintiff would have the right to prevail. Such right, if it exists against respondent, Rutherford's vendors, continues against him. Consequently, if sufficient part perform-ance is shown to take the case out of the statute of frauds as to the Butners, in relation to the part of the land Rutherford purchased from them, it will so apply as to the respondent, Rutherford, unless he had no notice of the facts constituting part performance. And such part performance will, likewise, operate against Hopkins and Rutherford, as to the land purchased by Hopkins from the Butners, and, in turn, from Hopkins by Ruther-ford, if both Hopkins and Rutherford had such notice, actual or imputed, even though there was no note or memorandum in writing between the appellant Bailey and the Butners. Part performance takes the place of

a written contract, or any note or memorandum thereof, and respondent, Rutherford, stands in the shoes of his respective vendors, insofar as the statute of frauds is concerned. Obviously, the respondent, Rutherford, can require no note or memorandum in writing of any contractual transaction with Bailey, the claimant of the prior equity, because there was *no contract between Rutherford and Bailey, and none was required in order to charge the land with Bailey's equity.*

If, under such circumstances, one *not* a bona fide purchaser could purchase land he *knew* was contracted to another, who had done all he was required to do under his contract, and could exact from the prior purchaser an additional contract with him, upon his own terms, in order to satisfy the requirements of the statute of frauds, he could thus purchase the land even though he had notice of the prior purchaser's equity, and virtually defeat it by requiring a second purchase from him, the subsequent purchaser. Obviously, this would involve double payment for the land, in order to supply a written memorandum of the transaction. Thus, one not a bona fide purchaser would have all the advantages of such a purchaser, without any justification in equity or justice. It is axiomatic that the statute of frauds cannot be applied to aid in the perpetration of fraud.

There is absolutely no merit whatever to the contention of the respondent, Rutherford, that the statute of frauds has any such application as he indicates; therefore, his special demurrer, attempting to invoke the statute of frauds to defeat the jurisdiction of the court as to the person of the respondent, Rutherford, and as to the subject matter of the action, because no contract or memorandum in writing of any transaction between appellant and said respondent, Rutherford, and no part performance of any contract between appellant and said respondent, is alleged, should have been overruled, if same was submitted to the lower court. If the special demurrer was not so submitted, and the record does

not show that it was, and the same was not ruled upon by the district court, it is not before us on this appeal, unless the objection to the complaint embodied in the special demurrer was argued in the court below, in support of the general demurrer. The order of the district court, sustaining the demurrer, does so upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. If the alleged ground of lack of jurisdiction was argued there, as it has been here, in support of the general demurrer (and we will assume that it was, and that said respondent's action in arguing same in this court was proper), it added nothing in favor of said demurrer, and cannot serve to strengthen the judgment of the district court. It is clear that the general demurrer should have been overruled, even though the objection to the complaint, alleged in the special demurrer, be deemed included in the general demurrer as an additional ground thereof.

What we have said above is decisive of the matter now before us. It is, of course, unnecessary for this court to decide the questions raised by counsel for appellant, directed against the form of the demurrer of the respondent, Rutherford, or the questions raised concerning the merits of the various grounds or reasons urged in its support. No matter how perfect in form, or how well grounded in substance the demurrer or demurrers would have been if alleged against any essential element, or ingredient, of plaintiff's alleged cause of action, same will not lie against plaintiff's complaint for any failure by plaintiff to allege that the defendant, Rutherford, purchased with notice of plaintiff's rights in the land, or for any defect in the complaint of the plaintiff in alleging that element. We believe we have hereinbefore made clear that no such allegation was required of the plaintiff.

For the reasons stated, and we trust sufficiently explained, the judgment of the district court is reversed, and the case remanded, with instructions to that court

to make and enter its order overruling the defendant (respondent) Rutherford's demurrer to plaintiff's (appellant's) complaint, and that the defendant (respondent), Rutherford, have such reasonable time as the district court may fix, within which to answer.