# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.; AND
RECONTRUST COMPANY, N.A.,
Appellants,
vs.
FERRELL STREET TRUST,
Respondent.

No. 70299

FILED

APR 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

Appeal from a district court order granting summary judgment to the buyer in a quiet title action following an HOA lien foreclosure sale. Eighth Judicial District Court, Clark County; James Crockett, Judge. We affirm in part, reverse in part, and remand for proceedings consistent with this order.

The grant or denial of summary judgment is reviewed de novo. *Wood v. Safeway*, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law. *Id.* A genuine issue of material fact exists if, based on the evidence presented, a reasonable jury could return a verdict for the nonmoving party. *Butler ex rel. Biller v. Bayer*, 123 Nev. 450, 457–58, 168 P.3d 1055, 1061 (2007).

A tender of payment operates to discharge a lien. *Power Transmission Equip. Corp. v. Beloit Corp.*, 201 N.W.2d 13, 16 (Wis. 1972) ("Common-law and statutory liens continue in existence until they are

SUPREME COURT
OF
NEVADA

(O) 1947A

18-16055

satisfied or terminated by some manner recognized by law. A lien may be lost by . . . tender of the proper amount of the debt secured by the lien."). To sufficiently satisfy the lien, the tender must be valid, an unconditional offer of payment in full or with conditions for which the tendering party has a right to insist. *See Heath v. L.E. Schwartz & Sons, Inc.*, 416 S.E.2d 113, 114-15 (Ga. App. 1992) ("The only legal conditions which may be attached to a valid tender are either a receipt for full payment or a surrender of the obligation."); *see also* 74 Am. Jur. 2d *Tender* § 22 (2017). When rejection of a valid tender is unjustified, the tender effectively discharges the lien. *See e.g., Hohn v. Morrison*, 870 P.2d 513, 516–17 (Colo. App. 1993); *Lanier v. Mandeville Mills*, 189 S.E. 532, 534–35 (Ga. 1937); *see also* 59 C.J.S. *Mortgages* § 582 (2016).

To satisfy the superpriority potion of an HOA lien, the tendering party is not required to keep a rejected tender good by paying the amount into court. *See* Restatement (Third) of Prop.: Mortgages § 6.4 (while depositing funds in an escrow account is a "proper method" of keeping tender good, "it is not the only method of doing so"); 93 A.L.R. 12 ("[T]he necessity of keeping a tender good and of paying the money into court has no application to a tender made for the purpose of discharging a mortgage lien."). To hold otherwise would create the practical effect where a valid tender does not truly discharge a lien, as discharge would require the tendering party to bring an action showing that the tender is valid and paid into the court. With such conditions, the tendering party would be equally benefited by bringing an action in equity to redeem or to compel the HOA to release the superpriority portion of the lien. Such an involved process negates the purpose behind the unconventional HOA split-lien scheme, prompt and efficient payment of the HOA's assessment fees on defaulted

properties. *See* The Uniform Common Interest Ownership Act (UCIOA) § 3-116 (amended 2008), 7 pt. 2 U.L.A. 124 (2009) (the superior priority lien "strikes an equitable balance between the need to enforce collection of unpaid assessments and the obvious necessity for protecting the priority of the security interests of lenders"). Therefore, Bank of America was not required to pay its tender into the court or keep the tender good by any other means than being willing to pay upon demand.

A valid tender of a mortgage lien invalidates a foreclosure sale on that lien, because the sale purports to extinguish the tenderer's interest in the property. *See* 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("The most common defect that renders a sale void is that the mortgagee had no right to foreclose."); *see also Henke v. First S. Props., Inc.*, 586 S.W.2d 617, 620 (Tex. App. 1979) (payment of past-due installments cured loan's default such that subsequent foreclosure on the property was void). Thus, when a valid tender satisfies the superpriority portion of the HOA's assessment lien, a foreclosure sale for the entire lien results in a void sale, as only part of the lien remains in default. *See* Baxter Dunaway, The Law of Distressed Real Estate § 17:20 (2017) ("A foreclosure sale can be set aside by a court of equity by showing a lack of a default").

A genuine issue of material fact exists regarding whether Bank of America's tender satisfied the superpriority portion of the lien such that the foreclosure sale is void. While Bank of America's tender appears valid, an unconditional offer to pay the superpriority portion of the lien in full, the record indicates that the HOA placed two liens on the property, recording the second one approximately two months after Bank of America tendered payment. It is unclear why the HOA released the notice of default for which

Bank of America gave perfect tender and foreclosed on the second notice of default, if the second notice addressed an entirely new set of defaults, or was intended as a recurring notice for the original default, and the district court made no findings on the issue. *See Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731 (2017) ("when an HOA rescinds a superpriority lien on a property, the HOA may subsequently assert a separate superpriority lien on the same property."). Accordingly, the effect of Bank of America's tender on the HOA's notices of default is unclear, and summary judgment on the issue was improper.

Although Ferrell claims it is protected as a bona fide purchaser, it offered no evidence either at the district court or on appeal to support this assertion and the district court did not rule on the issue. *See Bailey v. Butner*, 64 Nev. 1, 7, 176 P.2d 226, 229 (1947) ("[T]he right to protection as a bona fide purchaser is ordinarily regarded as an affirmative defense, and it is held that a defendant who would avail himself of such defense must put it in issue by his pleadings."). Additionally, it does not appear that either party raised the subrogation issue at the district court. *See Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 436, 245 P.3d 542, 544 (2010) ("a de novo standard of review does not trump the general rule that '[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal'"). We therefore decline to address these issues on appeal but note they may warrant the district court's consideration in light of whether Bank of America sufficiently tendered the superpriority portion of the HOA's lien.

As to Bank of America's remaining claims, *Saticoy Bay LLC v. Wells Fargo Home Mortgage* held that due process is not implicated in NRS Chapter 116's HOA's nonjudicial foreclosure scheme, thus Bank of

America's claim of whether NRS 116.31168 is facially unconstitutional for violating due process is moot. 133 Nev., Adv. Op. 5, 388 P.3d 970, 975 (2017). And because we reverse in part and remand, we reopen the district court's determination with respect to the commercial reasonableness of the sale. Such issue, should it remain, should be revisited in light of this court's decision in *Nationstar Mortgage, LLC v. Saticoy Bay LLC*, 133 Nev., Adv. Op. 91, 405 P.3d 641 (2017).

We therefore, ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

We concur:

_____, C. J.
Douglas

_____, J.
Gibbons

cc:    Hon. James Crockett, District Judge
       Akerman LLP/Las Vegas
       Law Offices of Michael F. Bohn, Ltd.
       Lipson Neilson Cole Seltzer & Garin, P.C.
       Eighth District Court Clerk