## No. 14,687.

### NIX ET AL. *v*. ART NEON COMPANY.
(100 P. [2d] 165)

Decided February 19, 1940.    Rehearing denied March 11, 1940.

Messrs. IRELAND & IRELAND, for plaintiffs in error.

Messrs. ADAMS & RUBRIGHT, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there. Plaintiff sued defendants on a written contract for an unpaid balance of $340 alleged to be due on rent for an electric sign. Defendants answered that plaintiff had violated its agreement to service said sign, hence they had paid in full. By way of cross complaint they set up certain payments, failure to service, and removal of the sign without their consent, and demanded judgment for $70 and costs. This they supported with a bill of particulars. The replication admitted payment of $20 and removal of the sign.

A jury was waived and the cause tried to the court which found for defendants for certain payments, plus $23.54 damages for failure to service, and gave plaintiff judgment for the balance, plus $42.97 attorney fees (15 per cent as provided by the contract), a total of $329.43, with costs. To review that judgment defendants prosecute this writ, assigning nine errors, all included in the sixth, i. e., that the judgment is contrary to the evidence.

The court specifically found that plaintiff failed to service the sign, in violation of paragraph "d" of its contract. That contract designates plaintiff as "owner" and defendants as "user." Said paragraph "d" provides that in case of failure to service or repair "the user shall receive credit upon the monthly rental for the time the sign fails to operate, in whole or in part, * * *. Such credit allowed the user shall be an extension of time equal to the outage added to the end of the contract maturity date, but user shall be entitled to no other claim for damages." The contract further provides

that if the user "discontinued business in said premises * * * all unpaid amounts to the end of this agreement, * * * shall be at once due and payable"; It bore date of September 22, 1937, and ran for thirty-six months.

The sign was installed about October 7, 1937. The principal defect in its operation was excessive consumption of current. Plaintiff was several times notified, orally and in writing, to remedy the defect. It gave it some attention, the first time November 3, 1937, and the second time in December following. The last was a mere painting of the background. The sign was turned off on or before December 1, 1937, for the defect mentioned. Springston left the business November 10, 1937, and Nix abandoned it April 2, 1938, and notified plaintiff which dismantled the sign and removed it on or after May 29, 1938.

The contract is doubtless harsh, but with that we have no concern. It is the contract of the parties and the record discloses no reason why it should not be enforced. It sets no specific limit to the time when plaintiff shall correct defects after notice, and the sole penalty provided for neglect is loss of rental during the "outage." We think, however, that it must be interpreted as an agreement to service within a reasonable time. Certainly plaintiff could not have neglected this sign for two years, compelled defendants to retain it, though ineffective and useless, and maintained its right to then service and collect its rent for the remaining year. Had it serviced the sign within a reasonable time, though defendants abandoned the business before that date, it could doubtless have collected. But the evidence is undisputed that the sign was turned off four months before Nix abandoned the business and there is no evidence that it ever was properly serviced up to the date of its removal late in May, 1938. Hard as this contract is from the standpoint of defendants we fail to find anything in it which justifies plaintiff's recovery to the end of the original period, or for any time after December 1,

1937. All payments made by defendants were made after that date and with full knowledge. We must take them as their voluntary admission that the amounts paid were due, but plaintiff can recover nothing more.

The judgment is accordingly reversed with directions to dismiss at plaintiff's costs.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.