WILLIAM H. GRAVELLE DBA SELLMAN & GRAVELLE, APPELLANT, v. DOLORES M. BURCHETT, DBA MODERN APPLIANCE CO., RESPONDENT.

WILLIAM H. GRAVELLE, DBA SELLMAN & GRAVELLE, APPELLANT, v. SILVER STATE APPLIANCE COMPANY, A CORPORATION, RESPONDENTS.

No. 3933

December 16, 1957          319 P.2d 140

F. R. *Breen*, of Reno, for Appellant.

*Guild, Busey and Guild,* of Reno, for Respondent and Respondents.

**OPINION**

By the Court, BADT, C. J.:

This appeal by William H. Gravelle is taken from a judgment rendered against him in favor of Dolores M. Burchett in the sum of $2,119.43 and in favor of Silver State Appliance Company, a corporation, in the sum of $2,141.65 in two separate actions commenced by the respective plaintiffs named but which were consolidated for trial. From the rather complicated facts appearing in some 900 pages of proceedings and testimony we may note the salient facts as follows:

Plaintiff corporation was assignee of a lease of certain premises in Reno, and desired to reduce its rental obligations by disposing of a portion of rented floor space. An agreement was consequently entered with defendant Gravelle, whereby plaintiff would for consideration assign its interest in the lease, which had four and one half years to run, to Gravelle, with sublease back to plaintiff of a certain portion of the premises. A memorandum was signed as follows:

"SELLMAN & GRAVELLE
"1445-49 E. Fourth St.
"Reno, Nevada
"Phone 6214

"3/1—1950

"Received of Sellman & Gravelle Twenty Dollars—To bind lease on 1049 So. Va.—Rent to start March 13, 1950. Payable $750.00. Deposit first and last 2 mo.—on lease. Rental to be $250.00 per mo. Map attached for sub lease 17 x 31 for sales and display Room and office

"Silver State Appliance Co.
(Seal)
"F. C. Burchett,
"Vice-Pres.

"Accepted: Sellman & Gravelle
"Wm. H. Gravelle"

An agreement was simultaneously reached between the plaintiff corporation and plaintiff Dolores Burchett, whereby the latter would continue to finance plaintiff corporation's business and maintain "a kitchen display" in return for the use of a certain portion of plaintiff corporation's subleased space without charge to Dolores Burchett.

The lease was duly assigned by plaintiff corporation to defendant, and accepted by defendant, who made payments to plaintiff corporation for items of advance rental and fuel oil in the tank on the premises, as contemplated by the parties. It was agreed by all parties that Dolores Burchett, rather than plaintiff corporation, should be the sublessee from defendant. An executed sublease was presented to Dolores Burchett, which she

refused to sign because the terms indicated that her right was to maintain the floor space subleased for "display purposes only", whereas her concept of the agreement was that she should be entitled to make sales on the premises, though she would not be entitled to maintain a "permanent sales force". This first draft of sublease was drawn by attorney Sidney Robinson. Therefore, Dolores Burchett had prepared by attorney Bruce Thompson another sublease agreement incorporating this provision, which she signed, but which defendant refused to sign. Subsequently a meeting was held by the parties in which all items of disagreement were resolved, except that of what commission would be received by defendant for sales by him or his employees from Dolores Burchett's display. This was expressly reserved for further bargaining. When the agreement was reduced to writing, Dolores Burchett signed it but defendant refused to do so, which refusal must under the circumstances be considered arbitrary.

Subsequently, the parties performed according to the agreement, though no sublease had been signed by both parties. Both parties took possession of their respective parts of the premises, spent material sums in improving the same, and joined in advertising their opening for business, and defendant's employees made sales of merchandise from the display of Dolores Burchett, for which she paid 15 percent commission on all such sales to defendant, who accepted such payments. Dolores Burchett also made sales from her display room in accordance with the oral agreement.

Thereafter defendant made a demand upon Dolores Burchett for rent. This was contrary to the oral agreement which was, in effect, that Dolores Burchett and plaintiff corporation should have the designated portion of the premises rent-free in consideration of the assignment by plaintiff corporation of the lease to defendant, and defendant's privilege of making sales and receiving commission thereon from the stock of Dolores Burchett. Defendant next asserted that the use by Dolores Burchett of the premises was permissive only, and demanded that she vacate. She did not pay the rent nor did she

vacate. Defendant then began encroaching on the floor space which had been set aside for use by Dolores Burchett and plaintiff corporation by stacking linoleum and other materials thereon. Defendant also brought in lines of appliances to sell in competition with those of Dolores Burchett and plaintiff corporation. Mr. and Mrs. Burchett then went on vacation for a month, and returned to find loss of and damage to certain stock, which was attributed by the trial court to defendant.

Judgment was therefore given for plaintiff corporation and Dolores Burchett for damage suffered by the ouster, including cost of improvements, reasonable rental value, loss of profits, and injury to stock.

Although the facts appear somewhat complex, the main issue finally emerges as a rather simple one.

As a matter of fact, in appellant's opening brief the main point urged is that the district court erred in failing to make a finding of fact on the real material issue in the case, "which material issue was whether or not the proposed sublease drawn by Sidney Robinson contained the terms and provisions of the agreement reached between the defendant and plaintiff corporation acting through Freeman Burchett." Appellant then emphasizes his contention that the real major issue between plaintiffs and defendant concerned the maintenance of a permanent sales force by the plaintiffs on the subleased premises, and whether or not Freeman Burchett and Mrs. Burchett would constitute an exception to the agreement that no permanent sales force would be maintained on the premises. He further emphasized his contention that whether or not the language as set forth in the Robinson draft correctly represented the agreement was the major issue in this dispute. It is again emphasized that "the specific and concrete issue of the dispute was whether or not Freeman Burchett and Mrs. Burchett would be an exception to the rule against the maintenance of a permanent sales force." Appellant goes on to say "although this was the crux of the case the findings of fact in the opinion of the district court are entirely silent on this vital issue."

It will thus be observed that the main issue of the case, as recited by appellant, is the question as to whether or not the lease as drawn by Mr. Robinson correctly recited *what was the agreement of the parties.* In other words, it is expressly the view of the appellant that there was an agreement between the parties and, necessarily, that the main function of the court in resolving this dispute between the parties was the determination of what that agreement was. The only possible agreement referred to by appellant is an oral agreement between the parties. The court did indeed refer to this same question as being the main issue in dispute and one that arose at an early stage of the proceedings when the parties were attempting to formalize their agreement in a written sublease. The court, however, resolves this by referring to appellant's contention that it was the agreement as recited in the proposed sublease by Mr. Robinson that correctly recited it. It found, however, that it was a later agreement of the parties that was the real agreement between them and that it was "such later agreement that was honored by performance." These are the words of the court. We thus find that both plaintiff and respondent are in accord as to one proposition. There was an oral agreement arrived at between the parties. Appellant draws from the facts in the case the conclusion that the agreement as recited by appellant was the true agreement reached. Respondents take the position that the agreement as maintained by them was the true agreement reached. We combine the treatment, then, of this main issue in the case with the further assignment made by appellant in connection therewith that the court made no finding on this issue. With this we do not agree. We think that implicit in the court's findings and in its conclusions and judgment is the finding that there was in existence and in legal effect a sublease from defendant to Mrs. Burchett. The court held that "defendant did not assign any violation *of the sublease* as justification for encroaching on Mrs. Burchett's premises". We have then a finding that there was a *sublease.* The court says further, "It is apparent

enough that the defendant refused to perform *his agree-ment* with the plaintiff". Such statement would be entirely without meaning unless we accord to it and as implicit in it the finding that there was an agreement between the defendant and plaintiffs. The court further said, "It is apparent enough that defendant repudiated *his obligations* to both or either of the plaintiffs". Implicit in this again is the finding that there were obligations from the defendant to both of the plaintiffs. Such obligations referred to by the court and such agreement referred to by the court and sublease referred to by the court can have no other meaning than that there was in existence a sublease, an agreement expressing in it the obligations of the defendant. We are reinforced in this conclusion by the court's reliance on the rule that where the writing on its face is obviously incomplete, the parol evidence rule permits the admission of evidence not inconsistent with the writing to supply that portion of the agreement not reduced to writing, and the further rule enunciated in Evans v. Lee, 12 Nev. 393, that the parol agreement must be clearly expressed in order that part performance take the case out of the statute. The trial court's reliance on such rules, and its implied finding that a sublease was in effect, lead us to the record to ascertain whether there is substantial support for a conclusion that the minds of the parties met as to all of the provisions of the sublease, particularly those in dispute.

We may for the moment ignore the testimony of the parties to the dispute and turn to the testimony of Mr. Bruce Thompson. This is his testimony of the meeting held in the office of Mr. Robinson after it appeared that neither the first draft of the sublease drawn by Mr. Robinson nor the first draft of the sublease drawn by Mr. Bruce Thompson was satisfactory to all of the parties. A meeting was called for the purpose of resolving their differences. At this meeting Mr. Thompson took notes and from his notes and from his recollection he recited what took place at that meeting. He checked off one by one each item in dispute and recited that it was agreed in that respect as follows, and then

by reason of his notes and by reason of his recollection he recited what that agreement was. These recitals left no matters in dispute as to the agreement of the parties. Appellant contends that this cannot be the case because Mrs. Burchett was not present at that meeting. However, the second draft of sublease as drawn by Mr. Thompson following that meeting and incorporating all of the items agreed upon by the parties as testified to by Mr. Thompson was subsequently signed by Mrs. Burchett. We have then a complete meeting of the minds of all the parties involved.

Appellant maintains that the matter of commissions on sales to be allowed to Mr. Gravelle was the main consideration for his agreement to execute a sublease. However, Mr. Thompson's testimony on this point is likewise clear and convincing. He states that this was discussed by the parties but they agreed that it was to be the subject of a later agreement. Such also was the finding of the court.

Appellant assigns error in the court's rejection of his contention that each of the causes of action pleaded by the respective plaintiffs was barred by the statute of frauds. Each of the respective plaintiffs alleged the assignment of the master lease to Gravelle in consideration of his sublease of the described area rent free, the possession of the premises taken by the respective parties and an unlawful ouster of each of the plaintiffs by Gravelle resulting in specified damages. Each sought specific performance. The trial court held that part of the agreement between the parties was expressed in the executed memorandum of March 1, 1950; that this was not the entire agreement; that the rest of the agreement was expressed orally as hereinabove discussed; that part performance of the oral agreement took the case out of the statute; Bailey v. Butner, 64 Nev. 1, 176 P.2d 226; that the oral contract was clearly and definitely established in accordance with the standards laid down in Evans v. Lee, 12 Nev. 393, 398. See also Roberts v. Hummel, 69 Nev. 154, 243 P.2d 248, and Nehls v. Stock Farming Co., 43 Nev. 253, 184 P. 212, 185 P. 563. Under the

facts as specifically found by the court and the infer-
ences reasonably to be drawn therefrom, the principles
laid down in these cases are clearly applicable. The proof
of the oral agreement and the proof of partial, if not
complete, performance by the plaintiffs thereunder and
of the partial performance by the defendant amply jus-
tified the application of the rule.

Appellant further contends that the district court
erred in striking from his answer the equitable defense
based upon the ground of "unclean hands". The answer
in this respect alleged that at the time of the original
agreement of March 1, 1950, between plaintiff corpora-
tion, acting through Freeman Burchett and defendant,
Freeman Burchett was in voluntary bankruptcy and
that his connection with plaintiff corporation was being
investigated to determine whether or not the assets of
plaintiff corporation were in fact assets of the said
Freeman Burchett; that the assignment from the plain-
tiff corporation to Mrs. Burchett was part of an
attempted conspiracy to defraud creditors in connection
with the bankruptcy proceedings in which Freeman Bur-
chett was involved. Appellant contends that he never
had the opportunity to prove whether or not this was
true. It appears, however, that the bankruptcy proceed-
ings were terminated some two or three years prior to
the pretrial conference in April 1954 in which the trial
court ordered the defense stricken. If there had been any
determination that the assets of the plaintiff corporation
or any part of them were in fact assets of Freeman Bur-
chett, this certainly would have appeared in the bank-
ruptcy proceedings. The trial court interpreted this
particular defense as being offered as a justification of
the defendant's refusal to deal further or negotiate fur-
ther with the plaintiffs. The learned trial judge based his
order striking the defense upon the ground that the
misconduct complained of must be in regard to or in any
event connected with the matter in litigation so that it
has in some manner affected the equitable relations sub-
sisting between the parties and arising out of the trans-
action. The court held that there had been no injury to

the defendant by the alleged misconduct, even assuming it to be true, that it did not affect the relations between the parties; that it in no way involved the subject matter of the action. No extended discussion of this assignment of error is necessary. The alleged inequitable conduct of Freeman Burchett relied upon by defendant was not connected with the matter in litigation. Under such circumstances it was not available as a defense to the defendant under the doctrine of "unclean hands". Pomeroy's Equity Jurisprudence, 5th Ed., Vol. 2, p. 94 § 399; Annotation 4 A.L.R. 44; 30 C.J.S. 493, Equity, § 98.

Numerous errors are assigned in overruling the objections of appellant to the introduction of sundry exhibits, in the overruling of objections to questions on the ground that the same were leading, in failing to rule on sundry motions concerning the pleadings, in deciding the case before receipt of the defendant's brief, in failing to rule on defendant's motion to retax costs and, finally, in rendering judgment not supported by the court's conclusions of law and findings of fact or by the evidence. We have given consideration to all of these assignments and to those portions of appellant's brief devoted thereto and to those parts of the oral argument touching upon the same, but find no prejudicial error in any of these assignments or other points advanced by appellant.

Affirmed with costs.

EATHER and MERRILL, JJ., concur.