YOUNG ELECTRIC SIGN COMPANY, A CORPORATION, APPELLANT, v. CECIL LYNCH, RESPONDENT.

No. 4898

October 25, 1961                    365 P.2d 648

Samuel S. Lionel and Dwight B. Claar, Jr., of Las Vegas, for Appellant.

Foley Brothers, of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The parties will be referred to as Young and Lynch. Young commenced action against Lynch to recover $15,525 rent claimed to be due under the terms of a sign rental contract. Lynch, by responsive pleading, denied the material averments of the complaint and affirmatively pleaded that his failure to pay rent was excused by reason of Young's breach of the sign rental contract in refusing to make required repairs. The lower court entered judgment for Lynch, from which Young has appealed.

The evidence discloses that Young leased to Lynch an electric sign having the appearance of a slot machine, and advertising "Cecil Lynch's Fortune Club." The term was January 1, 1958 to December 31, 1962, with rent at $200 a month for five months, and thereafter $500 a month. The sign was large, comprising the entire front of Lynch's gaming establishment. Part of the sign was a slot machine arm which was supposed to move up and down throughout the day and night. That arm was in working order, though noisy, when Lynch opened for business January 1, 1958. It ceased functioning in March 1958, or perhaps July. Lynch requested Young to repair it. Young refused, advising that it was not obligated to repair that portion of the sign. It estimated the cost of repair to be $600 or $700. Repair to the slot machine arm was never made. After making such request, Lynch did not pay the rent required by the rental contract. However, he did make payments to Young totaling $1,000 before discontinuing his gaming business in June 1959.

Paragraph (j) of the rental contract provides that should Lynch default in the payment of rent, the liquidated damages shall be three-fourths of the rental balance, payable, whether due or not. The amount sought by Young is based upon that paragraph.

In deciding for Lynch, the trial court found, inter

alia, that the rental contract was onerous; that the moving slot machine arm was an integral part of the sign; that Young was obliged to repair it, but failed to do so; that the payments made by Lynch after the slot machine arm failed to function was not a waiver of his right to rely upon Young's breach of the covenant to repair.

Eight errors are assigned. We shall first consider the assignment of error relating to parol evidence. During trial it was disputed whether the slot machine arm was a part of the sign and, therefore, subject to the rental contract. The contract referred to "one single face sign installed on front of building in a slot machine shape as is now installed." Lynch was permitted to testify, over objection, that Mr. Cannon, manager of Young, before execution of the rental contract, said, "The handle was operating, it might be a little noisy, * * * and that everything would be in operating order. They were going to get the whole sign in order." Appellant Young does not now complain about the admission of such testimony. However, complaint is made as to the trial court's exclusion of evidence offered by Young to establish that the slot machine arm (handle) was not intended to be included as a part of the sign rented. Young argues that if Lynch's testimony was admissible, so was the evidence offered by him on the same issue. We find no merit in such contention. As stated above, the rental contract specified that the leased object consisted of a sign "in a slot machine shape as is now installed." The testimony of Lynch was offered to establish the component parts of the sign as then installed, i.e., the fact that the arm was functioning and in place before the contract was made. However, the evidence offered by Young and excluded by the court did not tend to establish that the arm was not then installed; rather, it was offered to show that, though the arm was installed, it should not be considered a part of the sign. Such evidence clearly was an attempt to modify the written contract, and was properly excluded. Tallman v. First National Bank, 66 Nev. 248, 256, 208 P.2d 302, 306.

Three of the errors assigned may be considered together and are (a) an error in failing to hold that Young's failure to repair did not relieve Lynch of the obligation to pay rent; (b) an error in failing to hold that Lynch waived his right to rescind the contract when he induced Young to continue performance; (c) an error in failing to hold that Lynch was bound by the contract when he elected to proceed thereunder. In our view, each claim of error above mentioned is answered by a provision of the sign rental contract. That provision required Young to maintain and keep the sign in good repair without expense to Lynch. If Young failed to repair within 72 hours after notice of the need for repair, Lynch was entitled to receive credit of 1/720th of the monthly rental for every hour over and above the 72-hour period until the sign was in proper working condition. Because of such provision, a failure to repair continuing for one month would establish a credit against the rent obligation in an amount almost equal to the rent charged, for there are approximately 720 hours in a month.

In the present case, Young's failure and refusal to repair the slot machine arm is admitted. Such failure continued from the date Lynch requested that repairs be made until he discontinued business approximately one year later. Under such circumstances, the trial court properly concluded that Lynch was relieved of the obligation to pay rent. The payment totaling $1,000 made by Lynch to Young after the latter's refusal to repair, may not be considered rent, for no rent was due. Under the facts here present, we view such payments as having been voluntarily made without a contractual duty to make them.

Further, we believe it clear that the contract provision mentioned contemplated continued possession and use of the sign by Lynch during the period of Young's refusal to repair. The consequence of such refusal was merely the application of the credit allowed against the rent charged. It was not expected that Lynch, under such circumstances, was to decide whether to rescind

the contract (claim of error (b) above mentioned) or elect to proceed under it (claim of error (c) above mentioned). By reason of that provision, he could continue in possession and use of the sign without being obliged to pay therefor. The trial court was right in failing to find that Lynch had "waived his right to rescind," and in failing to find that he had "elected to proceed." Those claims of error are without merit.

Young next asserts that the trial court erred in failing to find that Young was entitled to recover for its "substantial performance" of the contract, with recoupment in Lynch for his damages. This claim assumes substantial performance by Young. The lower court, in effect, found otherwise, for it determined that a moving slot machine arm was an integral and important part of the sign. This determination is supported by substantial evidence. It is clear from a reading of the contract that Young was to be paid as provided for therein, and not otherwise. Whether Young was entitled to any compensation for partial performance is not a matter for consideration on this appeal. No evidence was presented to the lower court relating to the value of any services rendered by Young to Lynch. Cf. Force v. Peccole, 77 Nev. 143, 360 P.2d 362. With regard to the contention that the relief available to Lynch was "recoupment for damages," the contract provided otherwise. It provided for the credit against rent hereinabove mentioned and then stated that "lessee shall be entitled to no other claim for damages." Accordingly, we find this claimed error to be without validity.

The sixth error contended for is that the trial court should have found that Lynch was obligated to minimize damages. The rule relating to the duty to minimize damages is not involved in this case. Lynch is not suing for damages herein. That rule is applied, in proper circumstances, against the party seeking damages. It has no application to a defendant from whom damages are

sought. 15 Am.Jur., Damages, sec. 192, p. 610. Consequently, this assignment of error is without foundation.

The two remaining claims of error are not material to the determination of this appeal. The trial court characterized the rental contract as "onerous." Young complains of this. As we view this case, there is substantial evidence to support the judgment entered, for the reasons heretofore mentioned. Accordingly, we need not pass upon this particular finding. The same is true as to the claimed error in receiving evidence of prior leases of the sign.

In Nix v. Art Neon Co., 105 Colo. 562, 100 P.2d 165, the Colorado Supreme Court held, among other things, that a lessor of a sign may not neglect it for a substantial period of time and expect to collect rent for the balance of the term. In the light of the material findings of the trial court which are supported by substantial evidence, we believe the holding in Nix, supra, to have application here.

BADT, C. J., and McNAMEE, J., concur.