LAGRANGE CONSTRUCTION, INC., a Corporation, Appellant, v. KENT CORPORATION, a Corporation, Respondent.

No. 5109

June 12, 1967                                    429 P.2d 58

*Robert F. List,* of Carson City, *James J. Halley,* of Reno, and *Carl F. Martillaro,* of Carson City, for Appellant.

*Vargas, Dillon, Bartlett and Dixon,* and *Robert Marshall,* of Reno, for Respondent.

**OPINION**

By the Court, THOMPSON, C. J.:

The sole appellate issue is whether Lagrange Construction put on sufficient trial evidence to preclude a Rule 41(b) dismissal of its cross-claim against Kent Corporation.[1] We think it clear that enough evidence was introduced to make out a prima facie case. Therefore, we reverse the dismissal order and remand for further proceedings.

---

[1] The main action was commenced by Taylor-Jett Corporation against Lagrange Construction and Kent Corporation. Lagrange confessed judgment to Taylor-Jett. The court trial below was upon the cross-claim of Lagrange against Kent.

278

278

For the purposes of this opinion we need only recite that on May 11, 1961 Lagrange, as contractor, agreed to construct sub-division roads for Kent in the Kingsbury sub-division, Douglas County, Nevada. Inter alia, the contract provided that Lagrange "shall render monthly billing estimates for the work performed in the preceding month, payable on the 10th of the following month." The gravamen of the cross-claim is that Lagrange performed work, submitted monthly billings and was not paid, whereupon he ceased further performance. At the time work ceased, Lagrange claims that Kent owed $43,788.61. Secondary evidence (i.e., testimony, instead of the billings) was offered to prove this claim and no appropriate objection interposed. Such evidence, if believed, made out a prima facie case, since non-payment of an installment when due may constitute a breach of contract justifying suspension of performance by the contractor. 3A Corbin, Contracts § 692; Guerini Stone Co. v. Carlin Construction Co., 248 U.S. 334 (1919); cf. Cladianos v. Friedhoff, 69 Nev. 41, 240 P.2d 208 (1952). It is error to grant a Rule 41(b) dismissal in these circumstances. Schmidt v. Merriweather, 82 Nev. 372, 418 P.2d 991 (1966).

Reversed and remanded for further proceedings.

MOWBRAY, D. J., and GABRIELLI, D. J., concur.

