LAGRANGE CONSTRUCTION, INC., A CORPORATION, APPELLANT, *v.* KENT CORPORATION, RESPONDENT.

No. 6467

May 1, 1972                    496 P.2d 766

*Robert A. Grayson,* of Carson City, for Appellant.

*Vargas, Bartlett & Dixon,* and *Robert W. Marshall,* of Reno, for Respondent.

# OPINION

By the Court, Zenoff, C. J.:

This appeal deals solely with the cross-claim of appellant against respondent, both of whom were at one time codefendants in a suit brought by Taylor-Jett, Sacramento, Inc. The parties were before this court on a prior occasion in Lagrange Constr. v. Kent Corp., 83 Nev. 277, 429 P.2d 58 (1967), wherein we remanded the case for additional proceedings.

Lagrange, the contractor, entered into four contracts with Kent, the landowner, whereby certain improvements and development work was to be done, including the construction of streets and water lines.

On May 11, 1961 a contract (No. 1) was entered into which provided in pertinent part:

"The undersigned hereby proposes and agrees to furnish, Labor, Equipment, Materials to be used in items #4, #5, & #7, and do all work described as follows for items No. 1 thru item No. 7.

"It is hereby understood and agreed that the quantities shown herein are approximate only, the unit price shall prevail, for the construction. The quantities herein are subject to increase or decrease and that the Bidder as Contractor will take full payment therefor the following sums."

Thereafter followed a description of the work to be done, the approximate quantities, the unit price and the total amount.

On June 15, 1961 contract No. 2 was entered upon the following terms:

"FOR THE TOTAL SUM OF; TWENTY FIVE THOU-SAND THREE HUNDRED TEN DOLLARS ($25,310.00), We, propose to furnish all Labor, Equipment, Materials and do all work for four (4) items of work in the subject subdivision as we have them listed below.

[The work description is deleted.]

"It is further stipulated the Bidder as Contractor shall receive payment in full upon the completion of the above work."

On August 30, 1961 contract No. 3 was entered upon the following terms:

"The undersigned as Contractor hereby proposes and agrees to furnish All Labor, Equipment and Materials, and do All

Work described below for Eleven (11) items of work in Unit No. 2 of Kingsbury Estates Subdivision.

"It is hereby understood and agreed that the quantities shown herein are approximate only, the unit price shall prevail for the projects construction. The quantities herein are subject to increase or decrease and that the Contractor will take full payment on the unit price basis for the final quantities complete in place."

Thereafter followed a work description similar to that employed in contract No. 1.

On September 21, 1961 a fourth contract was agreed upon whereby Lagrange agreed to install certain water lines and valves. Relative to this contract, the parties stipulated that each party would engage an engineer to measure the quantities installed by Lagrange and compute the monies earned. The trial court found that Lagrange had earned $36,707.40 on this contract.

In addition to these contracts, an Extra Work Order No. 2 was agreed upon in connection with contract No. 1.

Work was commenced by Lagrange, monthly billings were sent and payments were made. The court found that Kent was not delinquent in making its payments. Apparently Lagrange did not complete any of the contracts to Kent's satisfaction. Under the road construction contracts, the evidence indicated that portions of the roads which were difficult to build because of granite outcroppings were not completed, while, by and large, the easily constructed portions were completed.

Lagrange voluntarily stopped work under all contracts on August 9, 1962 except that some additional work on contract No. 2 was done later on. Kent was required to engage another contractor to complete the job.

Lagrange sent a final statement to Kent on August 10, 1962 claiming amounts due on the contracts to be $42,339.69.

After trial of the cross-claim, the district court treated contract No. 1 as indivisible but not completed, treated contract No. 2 as indivisible but not completed, and treated contract No. 3 as divisible but substantially completed. By means of offsetting, the court determined that Kent had overpaid Lagrange $5,515.36. Filed liens were discharged and attorney fees and costs were awarded.

1. Appellant asserts here that the trial court erred in applying the theory that the contracts were entire and indivisible. Lagrange believes that all the contracts are divisible and that he is entitled to payment for work completed at the contract unit rates. Kent maintains that they are entire contracts. Initially it

may be noted that each contract employs different language, therefore, we must analyze each separately.

■■■■■

Relative to contract No. 1 and Extra Work Order No. 2 (which does not state any terms but arises from contract No. 1), on one hand it is stated that the unit price shall prevail, but on the other hand the contractor agreed to take full payment as listed for quantities which were subject to variation. This contract is ambiguous. In this situation the rule in Nevada is that the interpretation placed upon the contract by the parties is entitled to great, if not controlling, influence in determining the contract terms. Flyge v. Flynn, 63 Nev. 201, 239–40, 166 P.2d 539 (1946); Woods v. Bromley, 69 Nev. 96, 104–05, 241 P.2d 1103 (1952); Fredricks v. City of Las Vegas, 76 Nev. 418, 356 P.2d 639 (1960); Schieve v. Warren, 87 Nev. 42, 482 P.2d 303 (1971).

■■■■■

The trial court found that it was the intent of the parties that Lagrange was to take the good with the bad, the easy with the difficult, and not that Lagrange could do the easy and cheap portions of the road and be paid the full unit price therefor and leave the expensive and difficult portions not completed.

■■■■■

Therefore, it appears that the trial court correctly found contract No. 1 and Extra Work Order No. 2 to be entire contracts per the intent of the parties. The measure of damages was correctly computed based on the rule that the breaching party must place the nonbreaching party in as good a position as if the contract were performed. Cladianos v. Friedhoff, 69 Nev. 41, 49, 240 P.2d 208 (1952); Hutchens v. Sutherland, 22 Nev. 363, 366 (1895).

Contract No. 2 by its terms requires completion before payment in full is to be made. The court found contract No. 2 not to be completed, but that the reasonable value of $20,310.00 was earned by Lagrange.

Contract No. 3 provides that the contractor will be paid for the final quantities complete in place at the unit rate. The court found contract No. 3 to be substantially performed except that $2,000 worth of cleanup work was not done according to the contract.

2. Appellant claims that the findings are not supported by the record. NRCP 52(a) states that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be

given to the opportunity of the trial court to judge the credibility of the witnesses."

Appellant contests all the findings against the evidence presented in Lagrange's case in chief, but makes slight reference to respondent's evidence which does support the findings, if believed. Nevertheless, the rule is still applied that where there is conflicting evidence a finding will not be disturbed on appeal. Brandon v. Travitsky, 86 Nev. 613, 615, 472 P.2d 353 (1970); Sherman Gardens Co. v. Longley, 87 Nev. 558, 491 P.2d 48 (1971).

3. Finally, appellant alleges that the court erred in admitting secondary and speculative evidence as to damages and in basing its judgment upon such evidence.

In order to ascertain the contract damages suffered by respondent it was necessary to prove the cost of completing the contracts. Because respondent had decided to complete only some of the contracts, at trial evidence was presented whereby Kent's engineers and contractors testified as to the cost of the additional work they had actually done and in addition made estimates as to the cost of completing the project to the terms of Lagrange's contracts.

Appellant claims that the best evidence rule precluded this evidence by Kent's engineers and contractors to prove the cost to complete the contracts. Appellant misunderstands the rule. As stated by McCormick, "The rule is this: in proving the terms of a writing, where such terms are material, the original writing must be produced, unless it is shown to be unavailable for some reason other than the serious fault of the proponent." C. McCormick, Handbook of the Law of Evidence 409, § 196 (1954). See NRS 52.235 and NRS 52.255.

As to the speculative nature of the engineer's estimates, the uncertainty in the testimony applies not to the existence of damages but rather to its extent or measure. The evidence was competent to be weighed by the fact finder. Brown v. Lindsay, 68 Nev. 196, 205–06, 228 P.2d 262 (1951); Fireman's Fund Ins. v. Shawcross, 84 Nev. 446, 455, 442 P.2d 907 (1968).

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.