An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JV PROPERTIES, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
SMR7, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Respondent.

No. 62035

**FILED**

DEC 19 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from two district court orders granting partial summary judgment in a real property action.[1] Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

JV Properties, LLC (JV) owned a parcel of unimproved real property located in Clark County, Nevada. On May 10, 2006, a third party loaned the sum of $10,891,000 to JV (the May 10, 2006, promissory note), secured by a deed of trust against thirty separate parcels, including the subject property (the May 10, 2006, deed of trust). Shortly thereafter, JV negotiated with SMR7, LLC, (SMR7) for the conveyance of the subject property to SMR7, along with two other parcels. JV and SMR7 entered into three separate offer and acceptance agreements. JV ultimately conveyed the subject property and the other two parcels to SMR7 via grant, bargain, and sale deed. The grant, bargain, and sale deed stated that the conveyance was subject to (1) "[t]axes for fiscal year 2006/07"; and (2) "[r]eservations, restrictions, conditions, rights, rights of way and

_____

[1]The orders have been properly certified as final pursuant to NRCP 54(b).

easements, if any of record on said premises." JV has since defaulted on the May 10, 2006, promissory note.

SMR7 filed a complaint in district court, and later filed a motion for partial summary judgment against JV on the issue of JV's liability. The district court granted partial summary judgment, finding (1) the offer and acceptance agreement merged with the grant, bargain, and sale deed, and the deed became the sole memorial of the agreement, and (2) the grant, bargain, and sale deed, while reserving "rights," did not expressly restrain the covenant against encumbrances under NRS 111.170(1)(b). The district court later issued a second order granting summary judgment on the issue of damages based on a formal payoff demand from the beneficiary of the May 10, 2006, deed of trust. JV now appeals from both district court orders.

*Standard of review*

"This court reviews a district court's grant of summary judgment de novo . . . ." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when, after viewing the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

This appeal also requires this court to interpret NRS 111.170 as well as the contractual provisions. "Issues involving statutory and contractual interpretation are legal issues subject to . . . de novo review." *Weddell v. H2O, Inc.*, 128 Nev. ___, ___, 271 P.3d 743, 748 (2012). "When interpreting a statute, this court must give its terms their plain meaning, considering its provisions as a whole so as to read them in a way that would not render words or phrases superfluous or make a provision

nugatory." *S. Nev. Homebuilders Ass'n v. Clark Cnty.*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005) (internal quotations omitted).

*The district court correctly found that the offer and acceptance agreement merged into the deed.*

Traditionally, a contract of sale will merge into the deed once the deed is executed and delivered. *Hanneman v. Downer*, 110 Nev. 167, 177, 871 P.2d 279, 285 (1994) (determining that "'[t]he terms in the deed which follows the contract of sale become the sole memorial of the agreement'") (citations omitted). However, the doctrine of merger may not apply if the parties did not intend for the contract of sale to merge into the deed. *Hanneman*, 110 Nev. at 177, 871 P.2d at 285 (concluding that intention is a "'question of fact to be determined by an examination of the instruments and from the facts and circumstances surrounding their execution'") (citations omitted). The issue here is whether the parties intended for the offer and acceptance agreement to merge with the deed.

JV argues that the existence of detailed terms and provisions within its offer and acceptance agreement are evidence that the parties intended the offer and acceptance agreement to memorialize their deal and not the deed. Alternatively, JV contends that at a minimum, the district court granted summary judgment prematurely because intent is a question of fact. In contrast, SMR7 argues that JV failed to produce sufficient evidence to warrant application of an exception to the doctrine of merger or to survive summary judgment.

We agree with SMR7 that after examining the instruments and surrounding facts, there is no evidence the parties intended for the offer and acceptance agreement to control over the deed. For instance, the deed included some but not all of the provisions contained in the offer and acceptance agreement. This indicates that the parties elected to choose

which contractual provisions would be included within the deed and which would not. Further, after reviewing the other evidence presented by JV, we agree with the district court that no genuine issues of material fact regarding the doctrine of merger exist.

Therefore, the traditional rule applies, and we affirm the finding of the district court that the offer and acceptance agreement merged into the deed upon its execution and delivery.

*The district court correctly found that the deed failed to expressly restrain the covenant against encumbrances.*

Unless restrained by the express terms contained in the deed, all real property conveyed by way of a grant, bargain, and sale deed includes two statutory covenants: the covenant against prior conveyances, and the covenant against encumbrances. NRS 111.170(1)(a)-(b). The issue here is whether the deed's language stating that the conveyance was subject to "[r]eservations, restrictions, conditions, rights, rights of way and easements, if any of record" restrained the covenant against encumbrances.

JV argues that the district court erred when it found that the concepts of reservations, restrictions, or rights are not interchangeable with the concept of encumbrances. SMR7 argues that JV's interpretation confuses the statutory language used in NRS 111.170(1)(a)-the covenant against prior conveyances-with the statutory language used in NRS 111.170(1)(b)-the covenant against encumbrances. SMR7 notes that NRS 111.170(1)(a)[2] uses the term "right" in describing the covenant against

___

[2]NRS 111.170(1)(a) reads "[t]hat previous to the time of the execution of the conveyance the grantor has not conveyed the same real *continued on next page . . .*

prior conveyances, while NRS 111.170(1)(b)[3] makes no mention of "right" in describing the covenant against encumbrances. NRS 111.170(1)(a)-(b). SMR7 contends that the two terms are not interchangeable, as evidenced by the Legislature's use of different words in the two subsections of NRS 111.170(1), and that JV's proposed interpretation would render NRS 111.170(1)(b) superfluous.

We agree with SMR7 that the language in the deed fails to expressly restrain the covenant against encumbrances. NRS 111.170(1) allows for the covenant against prior conveyances and the covenant against encumbrances to be restrained "by express terms." NRS 111.170(1). To restrain either of these covenants, the language used in the deed must comport with NRS 111.170. Under a plain language reading, the inclusion of the word "rights" within a grant, bargain, and sale deed disclaimer only restrains the covenant against prior conveyances. Restraining the covenant against encumbrances requires use of the word "encumbrance." For instance, if the deed in this case included encumbrances within its list of items the conveyance was subject to, then NRS 111.170(1) would have been properly complied with. However, this is not the case. Thus, we agree with the district court's finding that the deed did not restrain the covenant against encumbrances.

---

. . . *continued*

property, or any *right*, title, or interest therein, to any person other than the grantee." (emphasis added).

[3]NRS 111.170(b) reads "[t]hat the real property is, at the time of the execution of the conveyance, free from encumbrances, done, made or suffered by the grantor, or any person claiming under the grantor."

Therefore, we affirm the district court's order of partial summary judgment as to JV's liability.

*The district court correctly calculated and awarded damages.*

JV does not challenge the accuracy of the amount of the damages award of $699,815.00.

Rather, JV argues that the damages award itself was erroneous because the parties expressly agreed pursuant to the offer and acceptance agreement that SMR7 would obtain title insurance and that the title company would be liable for any alleged loss associated with the transaction in question. JV contends that to allow SMR7 to recover from JV is tantamount to re-writing the parties' agreement, which is not permitted. SMR7 argues that JV's reliance on the terms of the offer and acceptance agreement is irrelevant because it merged with the deed. Alternatively, SMR7 asserts that even if this court looks to the language of the agreement, there is no language that limits damages against JV. Further, SMR7 contends that the mere fact that title insurance was obtained has no effect on whether JV is liable for damages.

We agree with SMR7 that JV's argument lacks merit because, as discussed above, the offer and acceptance agreement merged with the deed, and thus its terms do not control. However, even if the terms of the agreement are considered, the damages award against JV is still proper. The fact that the parties agreement provided for title insurance does not prevent SMR7 from recovering damages for the breach of the deed. *See Lagrange Const., Inc. v. Kent Corp.*, 88 Nev. 271, 275, 496 P.2d 766, 768 (1972) (stating that damages must place the non-breaching party in as good a position as it would have been had there been no breach).

Therefore, we affirm the summary judgment order of the district court as to damages. Accordingly we[4]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Joanna Kishner, District Judge
       Paul H. Schofield, Settlement Judge
       Bogatz Law Group
       Kolesar & Leatham, Chtd.
       Eighth District Court Clerk

_____

[4]We have considered the parties' remaining arguments and conclude that they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A