An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WILD GAME NG, LLC D/B/A THE
SIENA HOTEL SPA AND CASINO, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
IGT, A NEVADA CORPORATION,
Respondent.

No. 63249



FILED

NOV 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment as a matter of law, entered on remand in a contract and fraud action.[1] Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

Below, respondent IGT sued appellant Wild Game Ng, LLC d/b/a the Siena Hotel Spa and Casino, after the Siena failed to pay amounts due under its contracts with IGT. The Siena admitted that it had not paid IGT but argued that payment was excused because IGT fraudulently induced it to enter the contracts in the first place by falsely representing that its machines would work with the casino management system the Siena had already purchased from another vendor. After the Siena presented its case to the jury, the district court granted IGT judgment as a matter of law, and the Siena appealed.

On appeal, the Siena challenges (1) the district court's decision to grant judgment as a matter of law on its claims for fraudulent inducement, negligent misrepresentation, and deceptive trade practices, and on its affirmative defenses of fraudulent inducement and breach of

---

[1]Although the appeal was also taken from an order denying a new trial motion, that order was essentially agreed-to and appellant does not challenge the post-judgment order on appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-36025

contract, and (2) the district court's evidentiary rulings concerning the exclusion of both Baljit Saini as a witness and any evidence discovered through him. The parties also dispute the various legal standards at play.

*Judgment as a matter of law*

Judgment as a matter of law is appropriate if, after presenting its case, the nonmoving party "has failed to prove a sufficient issue for the jury," so that its claims cannot be maintained under controlling law. NRCP 50(a)(1); *Nelson v. Heer*, 123 Nev. 217, 222-23, 163 P.3d 420, 424 (2007). Evidence and inferences must be viewed in favor of the nonmoving party, *Nelson*, 123 Nev. at 222-23, 163 P.3d at 424, and the court may consider the substantive evidentiary standard of proof in deciding motions for judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005) (adopting, for summary judgment purposes, the standard employed in *Liberty Lobby*). This court reviews orders granting judgment as a matter of law de novo and, thus, applies on review the same standard that is used by the district court. *Nelson*, 123 Nev. at 223, 163 P.3d at 424-25.

To prove fraud in the inducement, Siena had to show, by clear and convincing evidence, that (1) IGT made a false representation, (2) IGT knew or believed that the representation was false or that it had an insufficient basis on which to make the representation, (3) IGT intended therewith to convince the Siena to enter into the contract, (4) the Siena justifiably relied on the representation, and (5) damages resulted from its reliance. *See J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 290-91, 89 P.3d 1009, 1018 (2004). Deceptive trade practice claims similarly require evidence that the opposing party knowingly made a false representation. NRS 598.0915(5), (7), (15) (providing, generally,

Supreme Court
OF
Nevada

(O) 1947A

that a person engages in a deceptive trade practice when he knowingly makes false representations). Negligent misrepresentation requires evidence that the opposing party made a false representation, reliance, and damages; instead of deceitful intent, negligent misrepresentation arises when one fails to exercise reasonable care in ascertaining the truth. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 448-49, 956 P.2d 1382, 1387 (1998) (providing that the tort of negligent misrepresentation occurs when one justifiably relies on false information arising from another's failure to exercise reasonable care in obtaining or communicating the information). Deceptive trade practice and negligent misrepresentation claims must be demonstrated by a preponderance of the evidence. *Betsinger v. D.R. Horton, Inc.*, 126 Nev. 162, 166, 232 P.3d 433, 436 (2010) (deceptive trade practices); *Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640, 656 (Wyo. 2003) (negligent misrepresentation).

Here, the district court properly granted judgment as a matter of law on the Siena's misrepresentation-based claims. As the district court explained, the Siena failed to show evidence of a false representation, intent to deceive or a failure to exercise reasonable care or competence in communicating information, and justifiable reliance sufficient to send the case to a jury. In particular, there was limited evidence connecting the prototype buss controller chip to the data corruption problems experienced by the Siena, and a failure to adequately account for other variables that could have also caused the problems. Testimony indicated that IGT machines were used with the EZ Pay system and the other vendor's casino management system in other casinos, without known problems. There was no evidence indicating that IGT knew of any incompatibilities between its machines and the casino management system, that IGT machines when sold to the Siena would contain a prototype chip resulting

SUPREME COURT
OF
NEVADA

(O) 1947A

in data corruption, or that IGT had an insufficient basis for representing that the machines would work with the Siena's casino management system. To the extent that the Siena argues that IGT falsely represented that its machines would work with the casino management system regardless of whether that system itself worked properly, the Siena was not justified in relying on such a statement. Accordingly, the district court properly granted judgment as a matter of law on the Siena's misrepresentation-based claims and defenses.

As for the Siena's breach of contract defense, even if affirmatively pursued at trial, the Siena presented no evidence of damages. *See Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) ("Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865))). Instead, the Siena argues that IGT's failure to perform excuses its payment. But IGT delivered the gaming machines, and the Siena gained some benefit out of them, using them in its casino until the court ordered them returned pursuant to IGT's repossession clause at some point after October 2006. Thus, the one case cited to, *Lagrange Construction, Inc. v. Kent Corp.*, 83 Nev. 277, 278, 429 P.2d 58, 59 (1967) ("[N]on-payment of an installment when due may constitute a breach of contract justifying suspension of performance by the contractor."), is inapposite based on the facts. Judgment as a matter of law was properly granted on this defense as well.

*Evidentiary issues*

Before trial, the district court granted motions to bar Baljit Saini, a former IGT employee, from testifying in the case, and to exclude any evidence derived from Saini's disclosures, as a federal court had

previously enjoined such disclosures for being in violation of a confidentiality agreement between Saini and IGT. The Siena argues that the district court improperly excluded Saini's oral and deposition testimony, and any evidence related to information he disclosed. This court reviews the district court's decision to grant a motion in limine excluding evidence for an abuse of discretion. *See generally State ex rel. Dep't of Highways v. Nevada Aggregates & Asphalt Co.*, 92 Nev. 370, 376, 551 P.2d 1095, 1098 (1976); *Cundiff v. Patel*, 982 N.E.2d 175, 178 (Ill. App. Ct. 2012) ("A trial court's decision in granting a motion *in limine* excluding evidence is reviewed for an abuse of discretion.").

Generally, courts prohibit parties from invoking confidentiality agreements to withhold evidence. *See, e.g., Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 923 (D. Nev. 2006) (explaining that "[confidentiality] agreements might not be enforceable [when] the agreement is being used by one party within the context of litigation to suppress an adverse party's access to evidence" ); *Chambers v. Capital Cities/ABC*, 159 F.R.D. 441, 444 (S.D.N.Y. 1995); *In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1137 (N.D. Cal. 2002). Nevertheless, here, the district court did not abuse its discretion in disqualifying Saini as an expert witness. *See Uniroyal Goodrich Tire Co. v. Hudson*, 873 F. Supp. 1037, 1049 (E.D. Mich. 1994), *affirmed by* 97 F.3d 1452 (6th Cir. 1996) (prohibiting former employee from testifying as an expert witness when the employee violated company secrecy agreements, there were other experts available, and there was no indication that the defendant was not complying with discovery requests); *see also Wang Labs., Inc. v. CFR Assocs., Inc.*, 125 F.R.D. 10, 13 (D. Mass. 1989) (former employee disqualified as an expert when expert testimony would breach confidentiality agreements).

And even if Saini's factual and deposition testimony and the other related evidence was improperly excluded, any error in excluding this evidence did not prejudice the Siena, and thus, was harmless. NRCP 61. Although the Siena asserts that it suffered prejudice because the excluded evidence supported the intent element of its fraud claim and affirmative defenses, IGT is correct that the evidence would not overcome the directed verdict. Saini testified during his deposition as to (1) a defective component in IGT machines, and (2) the prototype buss controller chip used in its gaming machines sold to the Siena. But there is no evidence connecting the allegedly defective component to the data corruption problems here, the Siena introduced evidence concerning the prototype chip, and neither Saini's testimony nor any other excluded evidence was sufficient to show that the machines caused the data corruption problems or that the Siena did not know whether the machines would work with the casino management system. As a result, any abuse of discretion in limiting the Saini evidence does not warrant reversal. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Jerome M. Polaha, District Judge
Laurie A. Yott, Settlement Judge
Lathrop & Gage, LLP
Reno Law Group, LLC
Fennemore Craig Jones Vargas/Reno
Washoe District Court Clerk

